348 So.2d 897 (1977)
KAWASAKI OF TAMPA, INC., Petitioner,
v.
John D. CALVIN, As Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles, et al., Respondents.
No. DD-53.
District Court of Appeal of Florida, First District.
May 3, 1977.
As Corrected On Rehearing August 18, 1977.
*898 Paul R. Pizzo, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, and Joseph C. Jacobs and Robert J. Angerer, Ervin Varn, Jacobs, Odom & Kitchen, Tallahassee, for petitioner.
E.J. Whitney, Asst. Gen. Counsel, Tallahassee, for respondent Calvin.
James A. Murman, Tampa, for respondent Brandon Kawasaki.
Peter J. Winders and Eurich Z. Griffin, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for respondent Kawasaki Motors Corp.
McCORD, Judge.
This is a petition for review of final agency action of the Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles, State of Florida, (hereafter referred to as the Director) granting the application of respondent Brandon Kawasaki for a license as a franchised Kawasaki motor vehicle dealer in Hillsborough County. Petitioner, Kawasaki of Tampa, Inc., the only presently licensed franchised Kawasaki motor vehicle dealer in Hillsborough County participated in the proceeding as a protestant to Brandon Kawasaki's application. On May 26, 1976, a hearing was conducted by the Director and on July 13, 1976, the Director issued his findings of fact and conclusions of law and ordered that a license be issued to Brandon Kawasaki. Thereafter, Kawasaki of Tampa, Inc., filed a petition for rehearing in which it challenged the authority of the Director to issue motor vehicle dealer licenses, contending that such authority is vested by statute in the Department of Highway Safety and Motor Vehicles (the Governor and Cabinet[1]) and not in the Director of the Division of Motor Vehicles. The Director took no action on the petition for rehearing since there was no authorization for the filing of such petition.
Petitioner contends that the Director did not have authority to issue a motor vehicle dealer license. We agree and reverse.
Petitioner, relying upon § 320.27, Florida Statutes (1975), contends that the authority to hold hearings and pass upon applications for motor vehicle dealer licenses is vested in the Department of Highway Safety and Motor Vehicles (the Governor and Cabinet) and not in the Director of the Division of Motor Vehicles. § 320.27, Florida Statutes (1975), provides in pertinent part:
"(4) License Certificate.  A license certificate shall be issued by the department in accordance with such application when the same shall be regular in form and in compliance with the provisions of this section... ." (Emphasis supplied.)
Subsection (1)(a) of § 320.27 defines "department" as follows:
"(a) `Department' means the department of highway safety and motor vehicles."
Section 320.665(1), Florida Statutes (1975), provides in pertinent part as follows:

*899 "(1) In the event the department shall conduct any hearing pursuant to the provisions of §§ 320.60-320.70, the hearing shall be conducted pursuant to chapter 120, the administrative procedure act, and the department shall have the power to conduct hearings pursuant to that act... ." (Emphasis supplied.)
Section 120.57(1)(a), Florida Statutes (1975),  the Administrative Procedure Act  provides in part as follows:
"(a) A hearing officer assigned by the division shall conduct all hearings under this subsection, except for:
1. Hearings before agency heads . .
[H]earings before a member of an agency head ... * * *"
§ 120.52(3) states that agency head "means the person or collegial body in a department or other governmental unit statutorily responsible for final agency action." § 20.24(1), Florida Statutes (1975), provides:
"The head of the department of highway safety and motor vehicles is the governor and cabinet."
We were confronted with the same question in McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla. 1 DCA 1974), and in Lynch-Davidson Motors, Inc. v. Calvin, 308 So.2d 197 (Fla. 1 DCA 1974). In those cases we pointed out that Chapter 70-424, Laws of Florida, enacted by the 1970 session of the Florida Legislature (the substantive law which has been incorporated in Florida Statutes 1971, Florida Statutes 1973, and Florida Statutes 1975) used the word "director" in the instances where the word "department" appears in the above quoted passages of § 320.27(4) and § 320.665(1). "Director" was defined in that law and subsequently defined in the succeeding editions of the Florida Statutes to mean the Director of the Division of Motor Vehicles. The statutory revision service, in compiling Florida Statutes (1971), had redrafted Chapter 70-424 arbitrarily and contrary to law by substituting the word "department" in Florida Statutes (1971) whenever the Legislature had used the word "director" in Chapter 70-424. The substitution changed the authority to hear applications and issue motor vehicle dealer licenses from the Director of the Division of Motor Vehicles to the Department of Highway Safety and Motor Vehicles if Florida Statutes (1971) or (1973) prevailed over Chapter 70-424. We held in McCulley and Lynch-Davidson that the change was not effective there because the motor vehicle dealer licenses were issued prior to the publication of Florida Statutes (1973); that Chapter 70-424 was at that time the official primary evidence of the law as enacted. Florida Statutes (1971), was then only prima facie evidence of the law. In this regard we said the following in McCulley:
"Chapter 73-70, Laws of Florida 1973, does contain statutory provisions which state that all 1970 Session Laws not included in Florida Statutes 1973, will be repealed effective on the publication of the 1973 Florida Statutes (Sec. 11.2422). However, since Florida Statutes 1973 were not published prior to jurisdiction vesting in this Court, and were not in effect at the time of the actions giving rise to this controversy, we have no occasion to here consider their effect."
In the case sub judice we have an entirely different situation. Here, at the time of both the hearing and order of the Director (May and July, 1976, respectively) not only had Florida Statutes (1973) been published, but Florida Statutes (1975) had also been published. In both codifications the word "department" appeared rather than "director." Ch. 73-70, Laws of Florida, enacted Florida Statutes (1973) effective "immediately upon publication" and repealed every statute of a general and permanent nature enacted by the state or by the territory of Florida at or prior to the regular 1971 legislative session. Thus, Chapter 70-424, Laws of Florida, was repealed effective with the publication of Florida Statute (1973), and at all times since then the authority to hear and determine applications for motor vehicle dealer licenses has been vested in the Department of Highway Safety and Motor Vehicles (the Governor and Cabinet) rather than the Director *900 of the Division of Motor Vehicles. Respondents contend that if the change of authority from the Director to the department was effected, the authority to hear and determine such applications was revested in the Director by Fla. Admin. Code Rule 15C-1.08, a rule of the Department of Highway Safety and Motor Vehicles which became effective on June 22, 1976  prior to the Director's order in the case sub judice but subsequent to the hearing. The rule states in pertinent part as follows:
"* * *
Upon receipt of such notice the Director shall be authorized to proceed with making the determination required by Section 320.642, Florida Statutes, and shall cause a notice to be sent to the presently licensed franchised dealers for the same make or makes of vehicles in the territory or community in which the new dealership proposes to locate, advising such dealers of the provisions of Section 320.642, Florida Statutes, and giving them and all real parties in interest an opportunity to be heard on the matters specified in that Section. The Director may make such further investigation and hold such hearing as he deems necessary to determine the questions specified under Section 320.642. A determination so made by the Director shall be effective as to such license for a period of twelve (12) months from the date of the Director's Order, or date of final judicial determination in the event of an appeal, unless for good cause a different period is set by the Director in his order of determination."
Respondents contend that § 20.05, Florida Statutes (1975), grants to the Department authority to adopt such a rule transferring its authority to the director. § 20.05, Florida Statutes (1975), provides in pertinent part as follows:

"Heads of departments; powers and duties.  Each head of a department, except as otherwise provided herein, shall: (1)(a) * * *
(b) Have authority, without being relieved of responsibility, to execute any of the powers, duties, and functions vested in said department or in any administrative unit thereof through said administrative units and through such assistants and deputies as shall be designated by the head of the department from time to time, unless the head of the department is explicitly required by law to perform the same without delegation. * * *" (Emphasis supplied.)
§ 120.57, Florida Statutes, sets forth the procedure which must be followed when an agency determines the substantial interest of a party. Subsection (1)(a), the pertinent part of which we have quoted above, requires (with certain exceptions not material here) that a hearing officer assigned by the Division of Administrative Hearings of the Department of Administration conduct all hearings in formal proceedings except hearings before agency heads or a member of an agency head. The law requires, therefore, that applications for motor vehicle dealer licenses shall be heard either by a hearing officer assigned by the Division of Administrative Hearings, the Governor and Cabinet, the Governor or a member of the Cabinet. Since such is explicitly required by law, there is no authority for the Department to delegate its authority in the premises to the Director of the Division of Motor Vehicles. The rule (Rule 15C-1.08) which purports to authorize such delegation is therefore invalid. The hearing proceedings before the Director and the findings and order entered thereon are vacated and set aside.
Reversed and remanded with directions that the application of Brandon Kawasaki proceed to hearing under Chapter 120, Florida Statutes (1975), before the head of the Department of Highway Safety and Motor Vehicles, a member thereof, or a hearing examiner of the Division of Administrative Hearings.
MILLS and SMITH, JJ., concur.

ON PETITION FOR REHEARING
McCORD, Chief Judge.
While this cause has been pending on petition for rehearing, respondents have filed notice of amendments to Chapter 320, *901 Florida Statutes, enacted by the 1977 Legislature of Florida, and a supplement to such notice. Petitioner has filed a response. By the notice and supplement, respondents point out that Chapter 77-357, Laws of Florida, amended Chapter 320, Florida Statutes, and provided that the Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles shall have the power to conduct any hearing pursuant to the provisions of §§ 320.27-320.274, notwithstanding the provisions of § 120.57(1)(a) and providing that the Director shall thereupon make his rulings and orders which shall constitute final agency action. The effect of this statute is to correct the error made by the Division of Statutory Revision in its compiling of Florida Statutes (1971) when it redrafted Chapter 70-424 contrary to law by substituting the word "department" in Florida Statutes (1971) wherever the legislature had used the word "director" in Chapter 70-424.
It is a general rule that legislation is presumed to operate prospectively unless there exists a showing on the face of the law that retroactive application is intended. Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975); Keystone Water Company, Inc. v. Bevis, 278 So.2d 606 (Fla. 1973). While such showing does not appear on the face of this statute, it is apparent from the history of this matter as related in our previous opinion, that this statute (as it pertains to this change in the law) is remedial in that it is designed to correct the error of the Department of Statutory Revision by which the law was changed to require that applications for motor vehicle dealer licenses be heard and ruled upon by the Department of Highway Safety and Motor Vehicles (the governor and cabinet) rather than the Director of the Division of Motor Vehicles. We called attention to the error not only in our previous opinion here but also in McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla. 1 DCA 1974), and in Lynch-Davidson Motors, Inc. v. Calvin, 308 So.2d 197 (Fla. 1 DCA 1974). As the Supreme Court stated in Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964):
"The Legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute."
In Heberle v. P.R.O. Liquidating Company, 186 So.2d 280 (Fla. 1 DCA 1966), this court pointed out that the general rule against retrospective operation of statutes has a well-known exception. There this Court quoted the Supreme Court's statement of the exception in City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961), as follows:
"Remedial statutes or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes." Cunningham v. State Plant Board of Florida, Fla.App. 1959, 112 So.2d 905, certiorari denied Fla., 115 So.2d 701.
Chapter 77-357, in correcting the aforesaid statutory error, is remedial and falls within the above exception. The Director of the Division of Motor Vehicles has heard and determined the case sub judice, and it is now on review before us. It would serve no useful purpose and would be an exercise of judicial folly for this Court, in the face of Chapter 77-357, to require this application to be heard and decided all over again by the same officer who heard and decided it the first time.
We have considered the briefs, oral argument and record in this cause and find there is competent, substantial evidence to support the order of the Director of Motor Vehicles. Our previous opinion is vacated and set aside.
Although we here vacate our previous opinion, we wish to correct a statement made therein with reference to Chapter 73-70, Laws of Florida (§ 11.2422) where we said:
"Ch. 73-70, Laws of Florida, enacted Florida Statutes (1973) effective `immediately *902 upon publication' and repealed every statute of a general and permanent nature enacted by the state or by the territory of Florida at or prior to the regular 1971 legislative session."

The foregoing underlined statement was in error in that it did not include additional qualifying language of the statute which followed. Chapter 73-70, by its terms, repealed "every statute of a general and permanent nature enacted by the state or by the territory of Florida at or prior to the regular 1971 legislative session, and every part of such statute, not included in Florida Statutes, 1973 as adopted by § 11.2421, as amended, or recognized and continued in force by reference therein or in §§ 11.2423 and 11.2424, as amended." (Emphasis supplied to show qualifying language.)
The petition for rehearing is granted. Our previous opinion in this cause is vacated, and the order of the Director of the Division of Motor Vehicles is affirmed.
MILLS and SMITH, JJ., concur.
NOTES
[1] § 20.24(1), Fla. Stat. (1975).