MELVIN, Judge.
Petitioner Sheffield brings for review as final agency action an order of the Career Service Commission of the State of Florida finding that the Director of the Division of the Florida Highway Patrol had been delegated proper authority to accept Sheffield’s resignation; that the personnel action resulting in Sheffield’s departure from the Florida Highway. Patrol did not constitute a dismissal within the meaning of Chapter 110, Florida Statutes; and, lastly, that Sheffield was without further appellate rights to the Career Service Commission.
*354 Sheffield was the commander of a troop of the Florida Highway Patrol, Department of Highway Safety and Motor Vehicles, and, as such, was a Career Service employee with permanent status. On July 29, 1975, Sheffield met with Colonel Beach, the Director of the Division of the Florida Highway Patrol, who by Section 321.02, Florida Statutes, is the commander of the Florida Highway Patrol, and orally tendered to Colonel Beach his resignation from the Highway Patrol. Colonel Beach, in turn, orally accepted the resignation, which, by their agreement, was to become effective January 31, 1976.
Sheffield subsequently reduced his request to writing, and on July 31, 1975, Colonel Beach acknowledged receipt of same by letter.
Thereafter, Sheffield, in late December of 1975, and in January, prior to the January 31, 1976 effective date of his resignation, attempted, in writing, on three occasions, to withdraw his request for retirement and resignation. On January 13, 1976, the Personnel Officer of the Department of Highway Safety and Motor Vehicles wrote Sheffield advising him that his resignation for retirement purposes was being processed and that he would be retired as originally requested on January 31, 1976.
Sheffield argues that: (1) Colonel Beach did not have the authority to accept his resignation; (2) that even if Colonel Beach did have the authority, he (Sheffield) may withdraw that offer to resign prior to the effective date of said request; and (3) that the instant personnel action constituted a dismissal vesting him with appeal rights to the Career Service Commission. The respondent Department negatives the position taken by Sheffield. For the reasons stated below, we agree with the conclusions reached by the Department and affirm.
A brief discussion of the hierarchy of the Department and some of the statutory law controlling it may be helpful. The Department of Highway Safety and Motor Vehicles was created by the Governmental Reorganization Act of 1969, Section 20.24, Florida Statutes. The “head” of the Department is the Governor and Cabinet (§ 20.-24(1)), who have employed an executive director to serve at its pleasure as provided by § 20.05(7). The Department is composed of four divisions, including the Division of the Florida Highway Patrol (§ 20.24(2)(a)). The Director of the Division of Highway Patrol is also the commander of the Florida Highway Patrol (§ 321.02).
Section 321.02, Florida Statutes, also provides, in pertinent part, that:
“. . . The said department shall set up and promulgate rules and regulations by which the personnel of the Florida highway patrol officers shall be examined, employed, trained, located, suspended, reduced in rank, discharged, recruited, paid and pensioned, subject to civil service provisions hereafter set out. .
The Governmental Reorganization Act contemplated that the administration of personnel functions and many other departmental functions could be delegated by the department heads to lower-level personnel. Specifically, Section 20.05(l)(b), Florida Statutes, provides that each head of a department shall:
“Have authority, without being relieved of responsibility, to execute any of the powers, duties, and functions vested in said department or in any administrative unit thereof through said administrative units and through such assistants and deputies as shall be designated by the head of the department from time to time, unless the head of the department is explicitly required by law to perform the same without delegation.”
Pursuant to Section 20.05(l)(b), Florida Statutes, the Governor and Cabinet, sitting as the head of the Department of Highway Safety and Motor Vehicles, delegated to Ralph Davis, the Executive Director of the Department, the authority to administer the various personnel programs required by Chapter 110, Florida Statutes, the personnel rules and regulations, and to further delegate such authority to the Department’s Division Directors. On the following day, March 5, 1974, Mr. Davis issued a letter *355 delegating authority to administer personnel programs within their respective divisions to Colonel Beach, Director of the Division of Highway Patrol, and the three other division directors of the Department.
In the face of the above situation, petitioner Sheffield argues that a proper construction of Chapters 20 and 321, Florida Statutes, compels the conclusion that the Director/Commander of the Florida Highway Patrol is without statutory authority, and may not be delegated authority, to perform any function nor fulfill any responsibility enumerated in Chapter 321, Florida Statutes, except to establish an auxiliary to the Patrol as he, as Director, is specifically authorized to do by Section 321.24, Florida Statutes.
In further support of his contention, Sheffield urges that this Court’s opinion in Kawasaki of Tampa, Inc. v. Calvin, 348 So.2d 897 (Fla. 1st DCA 1977) addressed the identical question and, therefore, controls the instant case. We cannot agree.
In Kawasaki, the Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles, in acting on a license certificate application made .pursuant to Section 320.27(4), Florida Statutes (1975),[1] held a hearing according to Department rule,[2] issued findings of fact and conclusions of law and ordered that a license be issued. In its initial opinion, this court reversed and vacated the Director’s order, finding that, while Section 20.-05(l)(b), Florida Statutes (1975), granted authority to department heads to “delegate” any power, duty or function “. unless the head of the department is explicitly required by law to perform the same without delegation.”, Section 320.665(1), Florida Statutes (1975),[3] required that the department conduct the licensure hearing pursuant to Chapter 120, Florida Statutes (the Administrative Procedure Act). The applicable section of the Administrative Procedure Act dealing with proceedings in which the substantial interests of a party are determined by an agency, Section 120.-57(l)(a), Florida Statutes (1975), provides in part:
“(a) A hearing officer assigned by the division shall conduct all hearings under the subsection, except for:
“1, Hearings before agency heads
[[Image here]]
“2. Hearings before a member of an agency head . . . ”
Construing the preceding statutes, in pari materia, with Section 120.52(3), Florida Statutes (1975):
“ ‘Agency head’ means the person or collegial body in a department or other governmental unit statutorily responsible for final agency action.”
and Section 20.24(1), Florida Statutes (1975):
“The head of the department of highway safety and motor vehicles is the governor and cabinet.”
*356 This court found that Section 120.57(l)(a), Florida Statutes (1975), explicitly required the head of the department to fulfill its Section 320.655(1) hearing duties.
Having found so, this Court held:
“. . . that applications for motor vehicle dealer licenses shall be heard either by a hearing officer assigned by the Division of Administrative Hearings, the Governor and Cabinet, the Governor or a member of the Cabinet.” (348 So.2d at 900) (Emphasis supplied.)
On Petition for Rehearing, this court, because of a recent legislation enactment,[4] vacated and set aside its original opinion; however, the basis for the original opinion continues as viable case law.
The legislature having passed retrospective and remedial legislation, enacted specifically to allow the Director of Motor Vehicles to conduct hearings pursuant to Section 320.27-320.274, this court vacated its original opinion in Kawasaki of Tampa, supra.
We reject petitioner’s contention that the Governor and Cabinet were statutorily precluded (as did Section 320.665(1), Florida Statutes (1975), and Section 120.-57(l)(a), Florida Statutes (1975), in the original Kawasaki opinion) from delegating the requisite authority to the Director of the Division of Highway Patrol to accept petitioner’s resignation for the purpose of retiring. We have not been cited, nor has our research disclosed a statute explicitly requiring that the Governor and Cabinet personally accept the resignation of each employee of the Department desiring to resign.
The resignation of petitioner was submitted voluntarily and was validly accepted by competent authority. Therefore, Sheffield’s resignation did not constitute a “dismissal” as contemplated by Chapter 110, Florida Statutes.
The order of the Career Service Commission is AFFIRMED.
McCORD, C. J., and BOYER, J., concur.

. “(4) LICENSE CERTIFICATE. — A license certificate shall be issued by the department in accordance with such application when the same shall be regular in form and in compliance with the provisions of this section. . . . ” (Emphasis supplied)

. “Upon receipt of such notice the Director shall be authorized to proceed with making the determination required by Section 320.-642, Florida Statutes, and shall cause a notice to be sent to the presently licensed franchised dealers for the same make or makes of vehicles in the territory or community in which the new dealership proposes to locate, advising such dealers of the provisions of Section 320.642, Florida Statutes, and giving them and all real parties in interest an opportunity to be heard on the matters specified in that Section. The Director may make such further investigation and hold such hearing as he deems necessary to determine the questions specified under Section 320.642. A determination so made by the Director shall be effective as to such license for a period of twelve (12) months from the date of the Director’s Order, or date of final judicial determination in the event of an appeal, unless for good cause a different period is set by the Director in his order of determination.” Rule 15C-1.08, F.A.C. (Emphasis supplied)

.“(1) In the event the department shall conduct any hearing pursuant to the provisions of ss. 320.60-320.70, the hearing shall be conducted pursuant to chapter 120, the administrative procedure act, and the department shall have the power to conduct hearings pursuant to that act. . . ” (Emphasis supplied)

. By Chapter 77-357, Section 23, Laws of Florida, the Legislature amended Section 320.274 to read:
“320.274 Hearing procedure, dealers’ licenses.—
“(1) In the event that the department shall conduct any hearing pursuant to the provisions of ss. 320.27-320.274, the hearing or hearings shall be conducted pursuant to chapter 120, the Administrative Procedure
Act, and the department Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles shall have the power to conduct such hearings pursuant to that act., notwithstanding the provisions of s. 120.57(1), (a), and the director shall thereupon make his rulings and orders which shall constitute final agency action. . . . ”