358 So.2d 1123 (1978)
Paul E. HARRIS, Individually and Harris Realty, Inc. of Panama City, Petitioners,
v.
FLORIDA REAL ESTATE COMMISSION, Respondent.
FLORIDA REAL ESTATE COMMISSION, Petitioner,
v.
Bruce CHILDERS, Individually and Childers Realty, Inc., Respondents.
Nos. HH-13 and HH-396.
District Court of Appeal of Florida, First District.
May 5, 1978.
Rehearing Denied June 16, 1978.
Sam Spector and Cynthia S. Tunnicliff of Spector & Tunnicliff, Tallahassee, for petitioner in No. HH-13 and respondent in No. HH-396.
Howard Hadley, Winter Garden, for respondent in No. HH-13 and petitioner in No. HH-396.
BOOTH, Judge.
These causes are before us on petitions for review of agency action, and have been consolidated in this Court. Both cases involve action by the Florida Real Estate Commission (FREC) undertaking to regulate the use of trade names which include the name of a franchisor.
*1124 Petitioner Harris and Respondent Childers are registered real estate brokers whose businesses are located in Panama City and Pensacola, Florida, respectively. They entered into franchise agreements with Century 21 Real Estate, the franchisor, whereby as franchisees, Harris and Childers became entitled to use the trade name, trade mark, service mark, and logo of Century 21 and to secure management services, personnel training and advertising services from the franchisor. The franchise agreements require that the franchisor's name appear first, followed by the name of the franchisee. Petitioner Harris and Respondent Childers applied to FREC to change their corporate names in accordance with Florida Statute § 475.42(1)(k), and their franchise agreements.
Meanwhile, the matter of franchising was the subject of a meeting of FREC held March 31, 1977, at which time various "guidelines and directives" relative to franchising in the State were formulated. The Commission met again on May 18, 1977, approved the directives and instructed immediate staff implementation. Investigations were to begin within 90 days of that date. Among the "directives" approved at the May 18 meeting was the following:
"Any real estate broker desiring to use the name of a Franchisor in connection with his own name must register the name as a part of his own trade name and same Franchisor's name must follow rather than immediately appearing above or before the broker's name."
As a result of the foregoing "directive" both Childers and Harris, in May and July of 1977, respectively, were denied registration of their corporate names which showed "Century 21" preceding the name of the realtor.
Childers petitioned under Florida Statute § 120.56 to have the "directives" declared invalid, on two grounds:
(1) That the "directives" were "rules" and not properly adopted under Chapter 120 and
(2) Even if properly adopted, the directives exceeded the delegated authority of the Commission.
Hearing was held on Childers' petition and on September 21, 1977, the hearing examiner entered the final order holding that the statement or directive requiring the franchisor's name to follow that of the franchisee was a rule and, since not properly adopted, was invalid.
Petitioner FREC seeks review of the order of the hearing examiner ruling that the directive in question is a rule and not properly adopted. FREC, at its February meeting shortly prior to oral argument in these cases, cancelled the May 18, 1977, directives as "not workable." The directive here in question has now, presumably, been withdrawn along with the other directives on franchisor-franchisee real estate operations in Florida, but the question still warrants our determination.[1] We hold the hearing examiner was correct in ruling that the directive in question was a rule and invalid because not promulgated as required by Chapter 120. State, D.O.A. v. Stevens, 344 So.2d 290 (1st DCA 1977).
The second basis of Childers' petition, before the hearing examiner and in this Court, is that the Commission has no authority, by properly adopted rule or otherwise, to regulate trade names by refusing to register a requested name. The same contention is made by Petitioner Harris, whose review in this Court under Florida Statute § 120.68 is from the action of FREC in refusing to register the requested trade name of his company.
The Commission's brief asserts that there has been no final agency action in the Harris case which is subject to review by this Court, and that Harris "should have demanded a hearing under § 120.57." In oral argument before this Court the Commission conceded that refusal to register Harris' trade name was a final agency action, and we agree. General Development Corporation v. Division of State Planning, etc., 353 So.2d 1199, 1207 (1st DCA *1125 1977). Further, the Commission cannot be heard to assert that its own dispositive action was not taken with the formalities which are the agency's responsibility. An agency's failure to enter a proper order, or to afford a hearing, is an occasion for judicial review, not an impediment of it. In the instant case, there are no material issues of fact which would require a formal proceeding under § 120.57(1) and nothing to be gained by now requiring the agency to provide an informal proceeding under § 120.57(2).
The question before us is one of law. The record for judicial review in this Court sufficiently presents the determination below and is as described in Florida Statute § 120.68(5)(c):
"The agency's written document expressing the action, and other written documents identified by the agency as having been considered by it before its action and used as a basis for its action . . if there has been no proceeding under § 120.57."
The letter of Petitioner Harris requesting the name change registration and the agency's letter of July 8, 1977, constitute the record for judicial review and clearly express the action of the agency. Judicial review under § 120.68 does not depend on whether an agency has seen fit to formalize its communications with the complaining party.
The question before us on the merits is whether the Commission has power under Florida Statutes, Chapter 475, to reject names submitted to it for registration, or to dictate the sequence of the words used within the names submitted for registration. We hold that it does not, and that the duty to place the name of a broker in good standing on the registration list is purely ministerial.
Florida Statute § 475.01(4) requires the Commission keep a registration list showing the names and addresses of salesmen and brokers. Subsection (5) of that statute defines a "registrant" as a person whose name and address "has been placed and lawfully remains on said registration list" and (10) provides that a registration certificate "shall be issued to every broker . . as soon as registration is granted and renewed annually thereafter as long as renewals thereof shall be granted." Florida Statute § 475.20 provides that renewals of certificates of registration "shall be issued upon written request," on a form provided by the Commission, accompanied by the required fee. Florida Statute § 475.42(1)(k) provides:
"No person shall operate as a real estate broker under a trade name without causing the same to be noted in the records of the commission and placed on his certificate, or so operate as a member of a partnership or as a corporation or as an officer or manager thereof, unless said partnership or corporation is the holder of a valid current registration certificate."
Under the foregoing statutes, it is the duty of the Commission to keep a current list of registrants and to issue certificates evidencing that registration. For their part, registrants are required to maintain their registration in a current status and to supply the Commission with the correct information, including the accurate trade names under which their businesses are operating. There is no authority given to the Commission to refuse a requested name change by the registered broker.
The Commission relies to some extent on Florida Statute § 475.47 and urges that it be broadly construed to allow rejection of names which it feels would be misleading to the public. Florida Statute § 475.47 provides:
"It shall be unlawful for any person to publish or cause to be published by means of newspaper, periodical, radio, television, or written or printed matter, any false or misleading information for the purpose of offering for sale or for the purpose of causing or inducing any other person to purchase real estate located in the state, or to acquire an interest in the title thereof."
The statute plainly deals with misleading information in the promotion of sales and *1126 requires a finding that the person is guilty of disseminating false or misleading information for the purpose of inducing the sale of real estate in Florida. The statute is not authority for the action of the Commission in these cases.
In Lee v. Delmar, 66 So.2d 252 (Fla. 1953), the Florida Real Estate Commission adopted a resolution which prohibited salesmen from operating on a part-time basis and, pursuant to that resolution, denied a salesman's application for renewal of his registration. The Supreme Court ruled that the resolution was beyond the power delegated to the Commission and invalid, stating:
"The right to work, earn a living and acquire and possess property from the fruits of one's labor is an inalienable right. There may be certain trades, professions or occupations so clothed with the public interest that they may be regulated by the Legislature in the public interest. When any business, occupation or profession is so clothed with the public interest, then the Legislature must provide the yardstick for such regulation.
* * * * * *
The power of the appellant is limited to the yardstick laid down by the Legislature and this yardstick does not include power of the appellant to regulate or prescribe the time a real estate salesman must devote to that particular occupation... .
* * * * * *
It is clear that no such power, as that attempted to be exercised by the appellant, was granted to it by the Legislature and the adoption of this resolution attempting to exercise such power was an unlawful assumption of power on the part of appellant... ."
Accordingly, the action of the Commission in refusing registration of the trade names of Petitioner Harris is REVERSED and the order of the hearing examiner in the Childers' case, AFFIRMED, and the causes REMANDED with directions that the trade names of both Harris and Childers be registered as requested.
MILLS, Acting C.J., concurs.
ERVIN, J., concurs in part and dissents in part.
ERVIN, Judge, concurring and dissenting.
I concur with the court's majority opinion in Childers affirming the order of the hearing examiner on the ground that the directive issued by the Commission was nothing more than an unpublished rule. I disagree, however, with the opinion in Harris that the matter which Harris Realty, Inc. sought review was final agency action and therefore ripe for disposition on the merits. After Harris sent a letter to FREC seeking permission to change its registered name to Century 21 Harris Realty, Inc., the Commission's registration section, in a letter dated July 8, 1977, signed by Renata Hedrick, supervisor, replied:
The Commission considers that in view of the large number of franchisees and the possibility of many more in the future, name confusion and misidentification could result. The main concern is that the public not be misled into believing that they are doing business with one entity, while actually they are dealing with another.
If you desire to include the name of the franchisor in your registered name, the Commission has no objection to the inclusion after the broker identification, i.e. Harris Realty, Inc. of Panama City  Century 21.
Without seeking any further proceedings before FREC, Harris filed petition for review directly with this court.
I simply cannot consider this letter, written by an employee of the Commission, which is tantamount to nothing more than a conditional rejection of Harris' request for registration, as final agency action. Section 120.52(3), Florida Statutes (1977), defines agency head as "the person or collegial body in a department or other governmental unit statutorily responsible for final agency action." Ms. Hedrick, who appears on the letterhead to have no status other *1127 than an employee of the Commission, can hardly be deemed a person responsible for final agency action. While Section 20.05(1)(b) grants authority to department heads to delegate any power, duty or function "unless the head of the department is explicitly required by law to perform the same without delegation ...", Section 475.29 vests the Commission with power to grant, deny, revoke or suspend registration, and to enter a final order on an application for registration upon proceedings as otherwise provided under Chapter 475. Moreover Section 475.31 places the responsibility for final orders in the Commission. Finally Section 475.35 provides that final orders and rulings entered or issued in any proceeding before FREC shall be reviewable before the appropriate district court of appeal. Compare Kawasaki of Tampa, Inc. v. Calvin, 348 So.2d 897 (Fla. 1st DCA 1977), in which it was stated that in the absence of express delegation of authority only the agency head or a hearing officer assigned by the Division of Administrative Hearings shall conduct hearings, and Sheffield v. Department of Highway Safety and Motor Vehicles, 356 So.2d 353 (Fla. 1st DCA 1978), which found proper authority had been delegated to the Director of the Division of the Florida Highway Patrol to accept resignations from the Patrol's personnel.
General Dev. Corp. v. Div. of State, 353 So.2d 1199 (Fla. 1st DCA 1977), is hardly authority for the majority's position that the letter from Ms. Hedrick to Harris was final agency action. General Dev. Corp. requires, at the very minimum, when Section 120.57(1) proceedings do not apply, reasonable notice of the agency's action, together with a summary of the factual, legal and policy grounds, and an opportunity at a convenient time and place for affected parties to present written or oral evidence in opposition to the agency's action. Furthermore we there stated that final agency action must conform to the provisions of Section 120.59, requiring that orders resulting from formal or informal proceedings be in writing and include findings of fact and conclusions of law separately stated. Id. at 1210. Obviously the letter from Ms. Hedrick did not comply with the requirements of 120.57(2) or 120.59.
Finally I am unpersuaded by the majority's view, on the basis of this limited record consisting of nothing more than Harris' letter requesting the name change and the registration section's response, that the question before us is simply one of law. On the contrary there may well be disputed issues of material facts which can only be resolved in a 120.57(1) proceeding. I cannot concede that Section 475.42(1)(k) precludes any discretion in the Commission to refuse a requested name change by a registered broker. Assume for example that a broker, already registered, wishes to capitalize upon the goodwill of a well known competitor's name previously registered with the Commission and requests that its name be changed to one practically identical with the other name so registered. The majority opinion states the Commission's responsibility by law is merely ministerial and it must in all cases accept the requested change. I do not believe Section 475.42(1)(k) can be isolated from the provisions of Section 475.47, prohibiting the advertising of information misleading to the public, and I feel both statutes must be read in pari materia. Surely the advertising of a registered realtor's name, which is very similar to a trade name previously registered, could, at the very minimum, be misleading to the public. The net result of this opinion is to handcuff the Commission's enforcement powers at the registration level, while presumably allowing it to enforce the provisions of 475.47 when a validly registered broker later seeks to advertise its patently misleading registered name. Surely the Legislature could not have intended this result at the time it enacted the pertinent statutes involved. When a statute grants a right or imposes a duty, it also confers by implication the power and reasonable means necessary for the exercise of the one or the performance of the other. Mitchell v. Maxwell, 2 Fla. 594 (1849); McNeill v. Pace, 69 Fla. 349, 68 So. 177 (1915); Deltona Corp. v. Florida Public Service Comm., 220 So.2d 905 (Fla. 1969).
*1128 Being of the view that the matter sought reviewed by Harris is not final agency action, I would dismiss its petition.
NOTES
[1] Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957).