Mr. William T. Harrison Attorney for the Sarasota County Public Hospital Board Post Office Box 3258 Sarasota, Florida 34230-3258
Dear Mr. Harrison:
You ask substantially the following question:
If a member of the Sarasota County Public Hospital Board submits a letter to the board stating that the member resigns from the board "effective immediately" and on the following day requests that the resignation be withdrawn, has a vacancy been created which the board must fill?
In sum:
A vacancy is created by the Sarasota County Public Hospital Board member's unconditional letter of resignation stating that her resignation is effective immediately when the letter of resignation has been submitted to the hospital board which has the authority to fill the vacancy.
The Sarasota County Public Hospital Board (board) was created by special act of the Legislature.[1] Section 1(4) of the board's enabling act provides that if a vacancy occurs on the hospital board due to a member's resignation,
the remainder of the hospital board shall appoint a temporary member to fill the vacancy until the next ensuing general election, at which time a new member must be elected for the remainder of the term of the member whose vacancy has been so vacated.[2]
According to your letter, on March 18, 1994, a member of the board delivered a letter of resignation to the chief executive officer (CEO) of the hospital and to the chairman of the board. The letter stated the board member's intent to resign from the board "effective immediately." It is assumed for purposes of this inquiry that the resignation was voluntary.
The letter of resignation was, at the member's request, distributed to all board members and to the local newspaper. On March 19, 1994, however, the board member delivered a letter to the CEO and the board chairman stating that she wished to withdraw her resignation. In light of the above, you ask whether a vacancy has been created which the board must fill.
Article X, section 3, of the Florida Constitution provides that a vacancy in office "shall occur upon resignation."[3] In statutorily defining a vacancy in office, however, section114.01(1)(d), Florida Statutes, states that a vacancy occurs "[u]pon the resignation of the officer and acceptance thereof by the Governor."
The Supreme Court of Florida in Smith v. Brantley[4] considered whether acceptance was required in order for a resignation to be effective in light of the above constitutional and statutory provisions. The Court concluded that
a public officer's resignation, stated to be effective immediately, is effective upon submission to the proper authority and that the Governor's acceptance is not necessary in order to create a vacancy in office.[5]
According to the Court, the acceptance requirement of section114.01(1)(d), Florida Statutes, "pertains only to those rare, dire situations . . . where the public weal is affected adversely by the absence of an officeholder."[6] Thus, the Court limited the need for an acceptance to those situations in which governmental duties will not be performed or the rights of creditors will be adversely affected.
This office has not been provided with any information which would indicate that the board member's resignation will result in the functions of the board not being performed or the rights of creditors adversely affected. Accordingly, the Court's holding in Smith v. Brantley that a public officer's resignation, stated to be effective immediately, is effective upon submission to the proper authority, would appear to be applicable.
You have not advised this office of any provision which specifies the "proper authority" to whom a resignation of a board member must be tendered.[7] In the absence of a statutory provision regulating this matter, it has generally been recognized that the resignation should be tendered to the person or body having the authority to appoint a successor.[8] While the board's enabling legislation provides that the remainder of the member's term will ultimately be filled by election, it is the board which has the authority to appoint a temporary successor to fill the office until the next general election.[9] Accordingly, it appears that the board is the "proper authority" to whom the resignation should be delivered.[10]
Some jurisdictions permit a resignation of a public officer transmitted to the proper authority to be withdrawn before it becomes effective.[11] However, the Supreme Court's holding in Smith v. Brantley clearly provides that except in those rare cases where the resignation results in the functions of the board not being performed or the rights of creditors being adversely threatened, the resignation of a public office, stated to be effective immediately, is effective upon submission to the proper authority.
Thus, the resignation of the board member was effective upon its submission to the board and may not be subsequently withdrawn. Instead a vacancy occurs upon the submission of the resignation, stated to be effective immediately, to the proper authority. The board, however, would not appear to be precluded from appointing the officer to temporarily fill the position until the next general election.
Accordingly, I am of the opinion that a vacancy is created by the Sarasota County Public Hospital Board member's unconditional letter of resignation stating that her resignation is effective immediately when the letter of resignation has been submitted to the hospital board which has the authority to fill the vacancy.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 26468, Laws of Florida 1949, as amended.
[2] Section 1(4), ch. 26468, Laws of Florida 1949, as amended by s. 1, ch. 31262, Laws of Florida 1955, s. 1, ch. 83-525, Laws of Florida, s. 1, ch. 86-373, Laws of Florida, and s. 1, ch. 90-411, Laws of Florida.
[3] See, Art. X, s. 3, Fla. Const., stating:
Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty (60) consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within (30) days from the commencement of the term. (e.s.)
[4] 400 So.2d 443 (Fla. 1981).
[5] Id. at 445.
[6] Id. at 449.
[7] Compare, s. 99.012, Fla. Stat. (1993), specifying the persons to whom a resignation for purposes of the Resign-to-Run law must be made.
[8] See generally, 67A C.J.S. Officers s. 103 (1978).
[9] Section 1(4), ch. 26468, Laws of Florida 1949, as amended.
[10] Cf., Sheffield v. Department of Highway Safety and Motor Vehicles, 356 So.2d 353 (Fla. 1st DCA 1978) (Governor and Cabinet, as head of Department of Highway Safety and Motor Vehicles, were authorized to delegate requisite authority to director of division of highway patrol to accept resignation of troop commander).
[11] See generally, 67A C.J.S. Officers s. 104 (1978).
Re: PUBLIC OFFICERS AND EMPLOYEES — HOSPITALS — VACANCY —
unconditional resignation stated to be effective
immediately is effective upon delivery to proper
authority and cannot be withdrawn. Art. X, s. 3, Fla. Stat.; s.14.01, Fla. Stat. (1993).