PER CURIAM.
Petitioner Thomas Stiller filed an application for net buy back on July 5,1995, indicating he intended to turn in 6000 yards each of seine and gill nets. He was notified (in an undated letter) by the Department of Labor and Employment Security that, based on both his application and the amounts of fish landed which were listed on his trip tickets, he was entitled to turn in up to 6000 yards of seine net and up to 8400 yards of any other type of net, and that if he chose to appeal that determination he had to file a written petition within 21 days requesting a hearing. Stiller’s net recovery receipt, dated October 2,1995, lists 8400 yards of seine net and 6000 yards of gill net of 50 meshes or more. Stiller responded to the undated notice with a letter dated October 17, 1995, in which he stated that he had received the notice on September 29,1995, and was requesting initiation of formal proceedings to protest the limitation to 6000 yards of seine net.' There was additional correspondence from Stiller’s attorney requesting the initiation of formal proceedings. Finally, on January 24, 1996, the agency sent Stiller’s counsel a letter explaining that the agency was prohibited by court order from taking any further action on the administrative appeal.
Stiller asserts that that letter was a denial of a hearing which is an appealable non-final agency action, and asks this court to order the agency to immediately refer Stiller’s appeal to the “Department of Administration” (apparently referring to the Division of Administrative Hearings). He also asks this court to order that his priority for payment from the fund (which pays on a first-come first-served basis) be established as of October 17, 1995, the date he sent his letter seeking an appeal. Finally, without citation of any authority, Mr. Stiller requests this court to award him costs and attorney’s fees for this appeal. The Department of Labor and Employment Security asserts that relief should be denied because the letter was not a reviewable agency action and because it cannot lawfully provide an immediate administrative resolution of Stiller’s claim without offending the injunction issued in McClain v. State.
We reject the argument that the letter denying Mr. Stiller a hearing was not a reviewable agency action. This case comes under the aegis of Fla.Stat. § 120.68(1) which states that a party may obtain judicial review of “[a] preliminary, procedural, or intermediate agency action or ruling, including any order of a hearing officer ... if review of the final agency decision would not provide an adequate remedy.” See, e.g., Prudential Property & Casualty Ins. Co. of Indiana v. Dep’t of Insurance, 626 So.2d 994, 999 (Fla. 1st DCA 1993)(court has jurisdiction to review non-final decision of agency “rendered” in a letter, as the petitioner would have no adequate remedy at law if compelled to await the entry of a final order after a § 120.57 hearing). The denial of a hearing is reviewable. “An agency’s failure to enter a proper order, or to afford a hearing, is an occasion for judicial review, not an impediment of it.” Harris v. Florida Real Estate Comm’n, 358 So.2d 1123, 1125 (Fla. 1st DCA), cert. denied mem., 365 So.2d 711 (Fla.1978). Stiller has *379 alleged irreparable harm due to the likely depletion of the fund by the members of the class in the other law suit. The net buy back statute states clearly that the available funds are to be divvied up on a first-come first-served basis. See Fla. Stat. § 370.0805(3)(a) and (b)(1995). There is evidence in the record, in Judge Gary’s order granting the injunction in McClain v. State, that the fund contains too little money to pay all the members of the class and will be depleted if that case is resolved first.
The Department has failed to justify its denial of the hearing requested by Mr. Stiller. Judge Gary’s injunction precludes the Department from making payments which deplete the fund, and states the Department may not take out administrative costs incurred after a certain date. The Department has pointed to nothing in the injunction, the subsequent orders or the net buy back statute (Fla. Stat. § 370.0805 (1995)) which indicates that the Department is obligated to pay program related legal costs out of the fund, or that the injunction precludes the Department from incurring those costs.
The Department advised Mr. Stiller that he was entitled to a hearing to appeal the determination of the amount of net for which he could obtain reimbursement, pursuant to Rule 38A-5.210, Fla.Admin.Code. That rule provided that the Agency has the option of conducting the hearing itself or requesting a hearing at the Division of Administrative Hearings. We make no ruling today on the nature of the hearing to which Mr. Stiller is entitled, but we do hold that he is entitled to a hearing. We reject Mr. Stiller’s request that this court determine the date from which his priority for payment from the fund should run, and we deny his unsupported request for costs and attorney’s fees.
Accordingly, this ease is REVERSED and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ERVIN and DAVIS, JJ., and SMITH, Senior Judge, concur.