922 So.2d 258 (2006)
C.C. DOCKERY, as a citizen, taxpayer of the State of Florida and intended user of the high speed rail system, Appellant,
v.
Glenda E. HOOD, in her official capacity as Secretary of the Florida Department of State, Appellee.
No. 1D05-336.
District Court of Appeal of Florida, First District.
January 26, 2006.
*259 John W. Frost, II and Robert Aranda, of Frost, Tamayo, Sessums & Aranda, P.A., Bartow, for Appellant.
Charlie Crist, Jr., Attorney General, Christopher M. Kise, Solicitor General, Steven Todd Gold, Deputy Solicitor General, James A. Peters, Special Counsel, and Jonathan A. Glogau, Chief, Complex Litigation, Tallahassee. Wilbur E. Brewton and Tana D. Storey, of Roetzel & Andress, L.P.A., Tallahassee, Counsel for Floridians for Responsible Spending PAC, Inc. Amicus, for Appellee.
KAHN, C.J.
This is an appeal from a final summary judgment finding that Florida law does not mandate the invalidation of signature petition forms which do not include the name and address of the paid petition circulator. Because we agree with the trial court that the requirement of section 100.371, Florida Statutes (1997), regarding the names and addresses of paid petition circulators was repealed in 1999, we affirm.

*260 BACKGROUND

Derail the Bullet Train ("DEBT"), a registered political committee, sponsored a successful 2004 constitutional initiative amendment that served to repeal article X, section 19, of the Florida Constitution  the requirement that the state develop and operate a high-speed train. The appellant filed suit against the Secretary of State alleging that many of the petitions submitted on behalf of DEBT failed to contain the names and addresses of the petition circulators in violation of section 100.371, Florida Statutes (2003). The appellant argues that section 106.191 renders these signature petitions invalid and the Secretary of State should not have counted them. The trial court granted summary judgment to the Secretary of State, agreeing with the Secretary that the requirement of section 100.371 that paid petition circulators include their names and addresses on signature petitions was repealed prior to the present controversy.

ANALYSIS
We accord due deference to an agency's interpretation of a statute it administers and will overturn that interpretation only if it is clearly erroneous. See Ocampo v. Dep't of Health, 806 So.2d 633 (Fla. 1st DCA 2002). The disputed statute in this case is section 100.371, Florida Statutes (2003). More precisely, the parties debate a specific requirement of section 100.371  whether paid petition gatherers are required to include their names and addresses on their petitions.
In 1997, the Florida Legislature approved amendments to section 100.371. These amendments included the provision at issue in this case:
Section 22. Section 100.371, Florida Statutes, is amended to read:
. . . .
(c) Each paid petition circulator must place his or her name and address on each petition form for which he or she is gathering signatures on behalf of the sponsor of the proposed initiative amendment. The sponsor of a proposed initiative amendment is responsible for ensuring that the name and address of the paid circulator appear on the petition form prior to its submission to the supervisor for verification.
Ch. 97-13, § 22, at 111-12, Laws of Fla. In the 1998 Supplement to the Florida Statutes, section 22 appears as subsection (2)(c) of section 100.371. In the 1999 version, however, the statute no longer contains the language requiring circulators to include their names and addresses with the petitions. See § 100.371, Fla. Stat. (1999). Apparently, the Division of Statutory Revision applied the session law proviso found in section 56 to the name and address requirement. See Ch. 97-13, § 56, at 136, Laws of Fla. (conditioning the effectiveness of the 1997 amendments to section 100.371 on subsequent voter approval in the 1998 general election); see also § 100.371 n. 1, Fla. Stat. (1999) ("No constitutional amendment relating to signature verification periods and random sampling for proposed initiative petitions passed at the 1998 general election."). The language of the 1997 amendment is relegated to a footnote in the 1999 edition of the Florida Statutes and remains there to the present date.
Before the publication of the 1999 Florida Statutes, Chapter 97-13 constituted the official primary evidence of the law as enacted in 1998. See Kawasaki of Tampa v. Calvin, 348 So.2d 897, 899 (Fla. 1st DCA 1977). Accordingly, Florida law, in 1998, required paid signature gatherers to include their names and addresses on their petitions in order for the signatures to be valid. See § 100.371, Fla. Stat. *261 (Supp.1998). When the 1999 Florida Statutes were published without language regarding paid petition gatherers in section 100.371, the 1997 legislative amendment in question was effectively repealed pursuant to section 11.2422, Florida Statutes (1999) which provides:
Every statute of a general and permanent nature enacted by the State or by the Territory of Florida at or prior to the regular 1997 legislative session, and every part of such statute, not included in Florida Statutes 1999, as adopted by s. 11.2421, as amended, or recognized and continued in force by reference therein or in ss. 11.2423 and 11.2424, as amended, is repealed.
Section 11.2421 is part of Florida's continuing statutory revision process. In essence, if a statute is not included in the newest version of the Florida Statutes, it is deemed to have been repealed. Accordingly, when the Division of Statutory Revision dropped the disputed language of section 100.371 from the statute and placed it in a footnote, the name and address requirement was effectively repealed.
Appellant argues that the provision requiring the name and address of petition circulators survives because of its presence in the footnote that accompanies section 100.371. Footnotes, however, do not comprise statutory law. Section 11.242(4) clearly distinguishes footnotes from substantive law:
The published edition of the Florida Statutes shall contain the following:
(a) The Florida Statutes, as adopted and enacted, together with the laws of a general nature enacted at any current session of the Legislature and directed to be embodied in said edition.
(b) The Florida Constitution.
(c) Complete indexes of all the material in the statutes.
(d) Such other matters, notes, data, and other material as may be deemed necessary or admissible by the Division of Statutory Revision of the Office of Legislative Services for reference, convenience, or interpretation.

(emphasis added). In addition, the Director of the Division of Statutory Revision, in the preface to the Florida Statutes, states:
Miscellaneous materials.  Section 11.242(4) provides that, in addition to the general laws, the State Constitution, and complete indexes, the Florida Statutes may include "such other matters, notes, data, and other material as may be deemed necessary or admissible by the Division of Statutory Revision of the Office of Legislative Services for reference, convenience, or interpretation." Most items published under this authority are located in volume 6 and are identified in the Table of Contents at the front of each volume. Notes following statutory sections may also include such miscellaneous material.

Id. at viii (emphasis added). Footnotes to the statutes thus exist to provide "reference, convenience, or interpretation" for the reader. Consequently, the fact that the language of the 1997 amendment appears in a footnote to the statute does not give it the force of law.
Appellant argues that the Division of Statutory Revision mistakenly applied the chapter 97-13, section 56 proviso to the name and address requirement. We conclude, however, that the repeal of the paid petition gatherer requirement cannot be said to be one of error or oversight on the part of the Legislature or the Division of Statutory Revision. Section 100.371 has been amended four times since the publication of the 1999 Florida Statutes. See Ch.2005-278, § 28, at 2722-25; Ch.2004-33, § 3, at 333-35; Ch.2002-390, § 3, at *262 4184-85; Ch.2002-281, § 9, at 2107, Laws of Fla. If the 1998 repeal of the requirement had been in error, the Legislature could easily have remedied the problem. The fact that the Legislature amended the statute without reinserting the language in question is telling. By amending the statute and failing to reinsert the disputed language, the Legislature conclusively repealed any requirement that valid signature petitions must include the name and address of the paid circulator. See, e.g., Holmes County Sch. Bd. v. Duffell, 651 So.2d 1176, 1179 (Fla.1995) ("The legislature is presumed to know existing law when it enacts a statute."). The Secretary of State's interpretation of section 100.371, Florida Statutes (2003), is the correct interpretation of the statute.
Because the underlying language of section 100.371 regarding the names and addresses of paid petition circulators no longer has effect, the remedy sought by the appellant  invalidation of the petitions counted by the Secretary of State  under section 106.191, Florida Statutes (2003), is unavailable. Section 106.191 reads:
106.191 Signatures gathered for initiative petition; effect of ch. 97-13  Any signature gathered on an authorized form for an initiative petition by a paid petition circulator which has been submitted prior to the effective date of this act may be kept and counted, if otherwise valid, and that form is not required to have the name and address of the paid petition circulator, nor is any such signature affected by the prohibition against filing an undue burden oath in lieu of paying the fee to have signatures verified, as provided by this act. However, any signature gathered on or after the effective date of this act is subject to the provisions of this act and, if payment is made to any person to solicit signatures after the effective date of this act, an undue burden oath may not be filed in lieu of paying the fee to have signatures verified. In addition, any initiative petition form approved by the Secretary of State prior to the effective date of this act may continue to be circulated.
(emphasis added). Appellant argues that the underscored language renders invalid signature petitions lacking the names and addresses of paid circulators. We cannot, however, read section 106.191 in isolation. To give the appellant the relief it seeks, the disputed language of section 100.371 must be a provision of the act. Because section 100.371 bears no requirement that, to be valid, the petitions of paid signature gatherers must contain the names and addresses of the circulators, section 106.191 cannot be read to warrant the invalidation of such petitions.
Finally, appellant points to section 106.19(3), Florida Statutes (2003), as further evidence that Florida requires signature petitions to contain the name and address of the paid circulator. Section 106.19(3), unlike section 106.191, contains an independent requirement that paid petition circulators provide their names and addresses on their petitions:
A political committee sponsoring a constitutional amendment proposed by initiative which submits a petition form gathered by a paid petition circulator which does not provide the name and address of the paid petition circulator on the form is subject to the civil penalties prescribed in s. 106.265.
(emphasis added). Section 106.19(3) specifically provides civil penalties for any infractions in the petition signature gathering process, including the omission of a paid circulator's name and address from her petition. The requirement found in section 106.19(3) is still valid because it is self-contained.

*263 CONCLUSION

The requirement of 97-13 that valid signature petitions must contain the name and address of the paid circulator was repealed in 1999. Therefore, although civil penalties may be triggered by the absence of a paid petition gatherer's name and address from the petition, no statutory requirement exists that such a petition must be invalidated altogether. It is not for the court to craft such a dramatic remedy. Accordingly, the order of the trial court is AFFIRMED.
HAWKES and THOMAS, JJ., concur.