ORDER RELINQUISHING JURISDICTION
PER CURIAM.
On April 25, 1980, the Honorable Gerald A. Lewis, Comptroller of Florida, in his capacity as head of the Department of Banking and Finance,[1] issued a letter approving a bank name change from “First Bank of Hollywood Beach” to “First Bank of Broward.”[2] We deem the letter to be final agency action sufficient to entitle an adversely affected party to judicial review. Krestview Nursing Home v. Department of Health and Rehabilitative Services, 381 So.2d 240 (Fla. 1st DCA 1979); Graham Contracting, Inc. v. Department of General Services, 363 So.2d 809 (Fla. 1st DCA 1978), appeal dismissed, 364 So.2d 892 (Fla.1978); Capeletti Brothers, Inc. v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979); Harris v. Florida Real Estate Commission, 358 So.2d 1123 (Fla. 1st DCA 1978), *418 cert. denied, 365 So.2d 711 (Fla.1978). At the same time, we express our concern that the Comptroller’s letter of April 25th does not contain findings of fact and conclusions of law separately stated so as to facilitate meaningful appellate review. See Section 120.59(l)(c), Florida Statutes (1979). Prior to the letter’s issuance, the Department of Banking and Finance expressly authorized and received written material in opposition to the name change. This process constituted “informal proceedings” pursuant to Section 120.57(2), Florida Statutes (1979), and consequently, the agency’s order should have been drawn in compliance with Section 120.59(1). General Development Corp. v. Department of Administration, 353 So.2d 1199 (Fla. 1st DCA 1977).
There is an additional aspect to this case which further justifies our present action. At oral argument the parties stipulated that on November 1, 1980, appellant, First National Bank of Broward County, changed its name to The First Bankers. Ordinarily, a voluntary act of this nature, taken subsequent to the administrative action complained of and after the filing of a notice of appeal, would render the appeal moot. This result is avoided here only because appellant, which is a national bank and not subject to state approval for its own name change, initially advised the Comptroller of a possible name change and urged that appellee’s proposed name was too similar to both names. Furthermore, appellant advised the Comptroller that, at least to some degree, it was then using its subsequently adopted name. Appellant’s president stated:
[W]e are a wholly owned subsidiary of First Bankers Corporation of Florida and we utilize the generic name, “The First Bankers,” which is registered with the U. S. Patent Office.
Despite the foregoing, the record indicates that the Comptroller based his analysis and decision on appellant’s then-existing name. Thus, since appellant’s new name was not considered by the Comptroller at the time he approved the name change of First Bank of Hollywood Beach to First Bank of Bro-ward and inasmuch as appellant’s present name is integrally related to the matters passed upon by the Comptroller and now before this court, we believe the interests of justice require a relinquishment of jurisdiction. It is thereupon,
ORDERED that jurisdiction in this cause is herewith relinquished to the Office of the State Comptroller and the Department of Banking and Finance for a period of sixty (60) days from the rendition of this order so that appellant’s present name might be considered in the administrative decision making process. This action does not mandate a formal factfinding proceeding pursuant to Section 120.68(6), Florida Statutes (1979), but does require the Department of Banking and Finance, through appropriate informal proceedings,[3] to take appellant’s present name into account. It is further,
ORDERED that upon the agency’s conclusion of its consideration of this matter, it shall prepare and enter an amended final order in accord with Section 120.59, Florida Statutes (1979), containing “findings of fact and conclusions of law separately stated.”
HURLEY, J., and G. KENDALL SHARP, Associate Judge, concur.
MOORE, J., dissents with opinion.

. § 20.12, Fla. Stat. (1979).

. April 25, 1980
Martin J. Hasey, Esq.
Hatch and Fenster
Attorneys at Law
Suite 307 The Gulfstream Building
8751 West Broward Boulevard
Plantation, Florida 33324
Dear Mr. Hasey:
Re: First Bank of Hollywood Beach Your request to change the corporate name of the subject bank to “First Bank of Broward” was noticed in the Florida Administrative Weekly on February 15, 1980. Formal opposition to use of that name was timely, filed by H. Eugene Nace, President, First National Bank of Broward County, on March 5, 1980.
After fully considering all the facts, it is my opinion that “First Bank of Broward” is not so similar to “First National Bank of Broward County,” or any other bank name, to cause confusion, especially since the present name is already prefaced by “First Bank of.” Consequently, the request to change the bank name to “First Bank of Broward” has my approval, subject to submission of appropriate amendment to the bank’s Articles of Incorporation.
Staff members in the Division of Banking will contact you to finalize the amendment documents for filing with the Department of State.
Sincerely,
/s/ GERALD A. LEWIS
GAL:hmm
cc Board of Directors — First Bank of Hollywood Beach
Leonard L. Levenstein
Federal Deposit Insurance Corporation, Atlanta, Georgia
Miami Area Supervisor
H. Eugene Nace
Legal Division

. See Section 120.57(2), Fla. Stat. (1979).