DOWNEY, Judge.
This is an appeal from a final order of the Division of Alcoholic Beverages and Tobacco revoking appellant’s alcoholic beverage license.
Pursuant to notice to show cause why-appellant’s beverage license should not be revoked, a formal hearing was scheduled for March 18, 1981. At the commencement of said hearing, counsel for appellant and the Division advised the hearing officer that they had reached an agreement regarding the charges and that a formal hearing was unnecessary. Counsel then stated on the record the terms of the settlement, which allowed appellant ninety days in which to sell the corporate entity. When the corporation was sold or the ninety-day period had expired, whichever occurred first, appellant was to surrender its beverage license to the Division for cancellation. Appellant waived his right to an evidentia-ry hearing and any appeal of the matters covered in the agreement. Finally, appellant agreed that no corporate officer, director or shareholder of appellant would ever again apply for or transfer an alcoholic beverage license, or engage in the alcoholic beverage business.
Although the pertinent agreement dictated at the hearing before the hearing officer was stated to be in the nature of a final administrative action, and failure to abide by said agreement would subject appellant to the provisions of section 120.69, Florida Statutes (1981), the Division prepared a proposed written agreement for appellant’s execution. Instead of signing said agreement, appellant returned a modified agreement which was unacceptable to the Division. In any event, the hearing officer closed the files on this case without any written order having been entered.
It would appear that the case then “fell through the cracks” as the saying goes. The ninety days came and went, but appellant failed to surrender the license or sell the corporation. In fact, the license was renewed for the two ensuing years. Then, in November 1982 the Division issued an order revoking appellant’s license for failure to comply with the settlement agreement of March 1981. Appellant was afforded a hearing on April 19, 1983, after which the hearing officer recommended revocation of the license. A final order was entered on said recommendation and appellant perfected this appeal.
Appellant suggests several errors in the administrative proceedings such as (1) the notice to show cause initiating this proceeding in 1980 was unsigned, (2) after the March 1981 hearing the hearing officer did not make findings of fact and conclusions of law, and (3) the hearing officer did not render a proposed order or recommend administrative action to the Division.
We reject all of these supposed errors because appellant, in the clearest of terms, waived any such requirements by the stipulated settlement agreement presented to the hearing officer on March 18, 1981. Furthermore, we do not believe the oversight on the part of the Division in strictly enforcing the agreement according to the terms should inure to appellant’s benefit. There are no due process considerations involved. Appellant was adequately heard, and it agreed without a contest to do exactly what the Division has proposed to do, i.e., retire appellant’s beverage license. In addition, though appellant talks of prejudice, none was shown to have occurred as a result of the Division’s delay in taking appellant’s license.
Appellant also contends the failure to enter a final agency order within ninety days after the March 18, 1981 agreement, as required by section 120.59(1), is fatal to the Division’s position in this proceeding. We reject that contention in view of the posture appellant assumed at the March 18th hearing. Section 120.57(3) authorizes “informal disposition ... of ... proceeding[s] by stipulation, agreed settlement, or consent order.”
In our judgment, appellant has failed to demonstrate any reversible error in the ac *511 tion taken by the Division in its final order of June 24, 1983. Accordingly, the order appealed from is affirmed.
GLICKSTEIN and DELL, JJ., concur.