PER CURIAM.
Montgomery, as the personal representative of his son’s estate, filed a wrongful death action against the personal representative of the estate of Vivian Perez. Final summary judgment was entered in favor of the Perez estate. Montgomery filed an appeal from the summary judgment. The attorneys for the parties agreed to settle the case for $5,000, and Montgomery’s attorney, David L. Perkins, caused the appeal to be dismissed. Apparently, Montgomery failed to consummate the settlement by refusing to sign the necessary releases. Therefore, the two attorneys obtained an order which directed the personal representative of the Perez estate to tender a $5,000 check to Montgomery and stated that by making such a tender they would be released from all liability arising out of the allegations of the complaint. At this point, Montgomery discharged Perkins and retained a new attorney.
Montgomery’s new attorney filed an appeal from the order enforcing the settlement. He also filed a motion seeking to reinstate the appeal which had been dismissed five months before, but this court denied that motion. He now argues that the order enforcing the settlement should be set aside because Montgomery never authorized Perkins to enter into the $5,000 settlement.
The wrongful death action has been irreparably terminated, and the statute of limitations has long since expired. Moreover, the order enforcing the settlement was entered at the behest of Perkins at a time when Perkins still represented Montgomery. Under the circumstances, we have no alternative but to affirm. How *882 ever, the question of whether or not Montgomery authorized the settlement has never been determined. Therefore, our ruling is without prejudice to any action Montgomery may wish to pursue against Perkins for purportedly settling his case and dismissing his appeal without the authority to do so.
Affirmed.
DANAHY, C.J., and GRIMES and HALL, JJ., concur.