Plaintiff, Save Our Streams, Inc., appeals from an adverse ruling by the trial court in favor of the defendants, Leigh Pegues, director of the Alabama Department of Environmental Management, and Bill Manasco, an employee of that department (collectively ADEM); the Shelby County Commission and the Shelby County Commissioners (collectively the Commission); and D D Water Renovators, Inc. (Renovators). The plaintiff, an environmental group, filed an action for declaratory judgment and injunctive relief on July 31, 1987, alleging, in part, the following: (1) that ADEM violated Art. I, § 6, Alabama Constitution 1901, when it failed to comply with the public notice provisions set forth in Ala. Code 1975, § 22-22-9(a)(3), (g), when it initially issued National Pollutant Discharge Elimination System (NPDES) permit number AL0050792 to Guardian Systems in 1985 and later transferred said permit (hereinafter to be known as the D D permit) to Renovators; (2) that the Commission contracted with Renovators to transfer the ownership of the D D permit to the Commission without providing public notice of the transfer and thereby violated §§ 22-22-1 through -14, Ala. Code 1975 (1984 Repl.Vol.), the policies and procedures of *Page 548 
ADEM, and the due process provisions of the Alabama Constitution; and (3) that the Commission acted in an arbitrary and capricious manner and against the public interest when it applied for permit number AL005344 (hereinafter to be known as the Shelby County permit).
The plaintiff also alleged in an amendment to its complaint for declaratory judgment that another NPDES permit, permit number AL004775, was issued to Renovators in 1982 without appropriate public notice, in violation of § 22-22-9(a)(3), (g) and Art. I, § 6.
Based upon the foregoing allegations, the plaintiff asked the trial court to declare permit number AL004775 and the D D permit void and to declare that ADEM had no authority to proceed further with the latter permit. We note that the injunctive relief sought by the plaintiff is not at issue in this appeal. Both ADEM and the Commission filed a motion to dismiss, which the trial court granted on the basis that the plaintiff failed to exhaust its administrative remedies. The plaintiff filed a motion to reconsider, which the trial court denied.
The five main issues presented on appeal are set forth as follows: (1) whether the trial court was in error in requiring the plaintiff to exhaust administrative remedies before seeking relief in the circuit court; (2) whether the question concerning the validity of the D D permit is moot; (3) whether the Shelby County permit is ripe for review; (4) whether ADEM's NPDES permit notice provisions are constitutional; and (5) whether the alleged motivation of the Commission presents a justiciable controversy to be resolved by the trial court.
The facts indicate that, in April 1985, ADEM, the state agency responsible for pollution control in state waters, issued the D D permit to Guardian Systems, after publishing notice of the draft permit in The Birmingham News. This was the only notice published dealing with the aforementioned permit. This notice mistakenly represented to the public that the permit allowed for the discharge of treated sanitary waste water into an unnamed tributary located in Jefferson County, Alabama. The discharge points authorized by the permit were located in Shelby County, Alabama. Sometime between April 1985 and July 1987, ADEM transferred said permit to Renovators. ADEM subsequently sought to modify the D D permit by creating more restrictive effluent limitations. Around this time, the Commission applied for the Shelby County permit to obtain a new discharge point for sanitary waste water in Shelby County. Public notice of the proposed modification of the D D permit and the Commission's application for a NPDES permit was given, and public hearings were set for 7 p.m. on August 3, 1987, and August 4, 1987, respectively. Before the public hearings could be held, the plaintiff filed suit on July 31, 1987, seeking cancellation of the hearings and an injunction against further administrative efforts to establish more stringent effluent limits on the D D permit. Prior to the hearing on the temporary restraining order, ADEM postponed the hearings to investigate the plaintiff's grievances. As a result of such investigation, ADEM suspended the D D permit on August 28, 1987, and gave new notice of a public hearing on the question of whether that permit should be reissued or permanently canceled. ADEM subsequently revoked the D D permit on November 30, 1987.
We are satisfied that the trial court was without error in granting the motion to dismiss in favor of both ADEM and the Commission. While it appears that the plaintiff failed to exhaust its administrative remedies, it is without dispute that the issue dealing with the validity of the D D permit is moot. The controversy existing at the time the plaintiff filed suit involving ADEM's alleged failure to comply with the notice provisions set forth in § 22-22-9(a)(3), (g) in 1985 was rendered moot by ADEM's revocation of the D D permit on November 30, 1987. The plaintiff sought revocation of the D D permit, and that has been granted. When the relief sought has already been granted, as in the case at bar, the issue is moot and will not be reviewed. Karrh v. Crawford-Sturgeon *Page 549 Ins., Inc., 468 So.2d 175 (Ala.Civ.App. 1985).
The defendants also assert that the issue as to whether the Shelby County permit is valid is not ripe for review. In order to determine whether an issue is ripe for adjudication, a court must look at the fitness of the issue for review and the hardship to the parties if determination is withheld.Whitney v. Heckler, 780 F.2d 963 (11th Cir.), cert. denied,479 U.S. 813, 107 S.Ct. 65, 93 L.Ed.2d 23 (1986). As of this date, Shelby County has applied for an NPDES permit, and ADEM has developed a draft permit. The public hearing scheduled for August 4, 1987, to obtain relevant information concerning the permit has never taken place. Until a final permit decision is rendered and a permit actually issued to Shelby County, no permit exists which can be declared valid or invalid. Furthermore, the plaintiff will suffer no hardship by waiting until the administrative process is completed, since the Commission has not been issued a permit to discharge waste in Shelby County.
In view of the foregoing, we find it unnecessary to address whether ADEM's NPDES permit notice provisions are constitutional or whether the alleged motivation of the Commission in seeking a permit amounted to a justiciable controversy. Neither of these is a dispositive issue in the case before us.
We also find it unnecessary to address whether the trial court erred in failing to declare permit number AL004775 void due to ADEM's alleged failure to comply with § 22-22-9(a)(3), (g)'s public notice requirements. Our study of the record reveals that the permit itself was only mentioned twice in the record: (1) in the amendment to the complaint for declaratory judgment; and (2) in the plaintiff's motion to reconsider and vacate the trial court's order of dismissal.
Furthermore, there is no evidence in the record to support the plaintiff's allegations concerning this particular permit. The trial court understandably did not specifically address said permit in its order of dismissal.
Moreover, the allegations raised in reference to permit number AL004775 were not adequately presented and argued in brief on appeal. Brittain v. Ingram, 282 Ala. 158,209 So.2d 653 (Ala. 1968). For this reason alone, this court is precluded from reviewing said issue.
We are in agreement with and affirm the decision of the trial court.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.