THOMPSON, Judge.
B. Elaine New appeals an order of the Comptroller directing her to pay the Comptroller an additional $186 as repayment of her employer’s erroneous withholding payment for a period when she was on authorized leave without pay. New contends, inter alia, the Comptroller had no jurisdiction to issue the final order, that the procedures it utilized in issuing the final order were defective, and that the findings of fact in the Comptroller’s final order were not supported by competent substantial evidence. We agree and reverse.
The pertinent facts are not in dispute. New is a senior attorney with the Department of Health and Rehabilitative Services (HRS). During December 1987 New was on an authorized unpaid leave of absence from her employment, but HRS erroneously failed to advise the Comptroller of this fact, and her biweekly net salary for the month of December was electronically transferred to her bank account. She returned the $910.41 overpayment to HRS. However, the Comptroller had also forwarded $320.12 to the Internal Revenue Service as withholding tax on the December salary payment. On February 11, 1988, the Comptroller issued New a Form W-2C for 1987 which included the sum of $1,325.29 gross wages with $320.12 taxes withheld thereon for December 1987. New’s 1987 adjusted gross income was $36,609.91 and her taxes thereon were $7,115. Excluding the $1,325.29, her adjusted gross income would have been $35,-282:62 with taxes thereon of only $6,648.
On March 11, 1988, the Comptroller asked HRS to collect the $320.12 withholding from New but she refused. On September 2, 1988, the Comptroller advised New by letter that the $320.12 remained due and owing and that she was entitled to request a § 120.57, Fla.Stat. hearing from HRS if she disagreed with the amount owed. By letter dated September 15, 1988, New requested a formal hearing and on September 22 HRS referred the matter to the Division of Administrative Hearings (DOAH). The case was set for hearing on December 20, 1988, and the parties were ordered to draw up a prehearing stipulation prior to that date.
On December 8, 1988, the Comptroller filed a motion for DOAH to relinquish jurisdiction to the Comptroller’s office arguing that since the Comptroller is responsible for state payrolls under its constitutional and statutory authority, and since the Comptroller had promulgated a rule that only the Department of Banking and Finance can establish the amount of a salary overpayment refund, that the Comptroller was the proper agency to determine if a § 120.57 hearing should be held. On December 14 New, HRS, and the Comptroller filed their prehearing stipulation setting *1205 forth their respective positions and the matters agreed upon. One of the issues upon which the parties could not agree was whether HRS or the Comptroller was the proper agency to issue the final order. On December 16 the Comptroller filed a motion to dismiss for lack of subject matter jurisdiction.
At the final hearing held December 20, 1988, HRS reiterated its acknowledgment that it was at fault for the erroneous payment, and explained that it had reached an agreement with New whereby HRS would repay $186 of the withholding and New would repay the $134.12 balance because that was the only amount for which she would be able to obtain a credit from the IRS. The Comptroller acknowledged that so long as it received the full amount owed it would be satisfied, provided HRS paid its portion from a lawful appropriation. The parties agreed that HRS would repay the $186, that New would repay $134.12, and that the Comptroller would therefore receive the full $320.12 at issue. On December 21 the hearing officer entered an order stating that the parties’ stipulation on the record obviated a necessity for a formal administrative hearing and closed the DOAH file. Also on December 21, the Comptroller sent a copy of a draft stipulation to New and HRS which stated, inter alia, that the Comptroller agreed to accept the payment so long as “HRS makes its payments from funds lawfully appropriated for such payment.” On December 29, New issued a personal check payable to the Comptroller for $134.12. On December 30, the Comptroller again sent a copy of the draft stipulation, noting that there had been no response to its previous letter although appellant had provided a check for $134.12.
On January 6, 1989 New wrote counsel for the Comptroller stating that the draft stipulation was unacceptable to both her and HRS, pointing out that she had discussed this fact with counsel when she delivered her check. New’s letter contained a draft stipulation signed by her and counsel for HRS. On January 9, the Director of the Division of Accounting and Auditing wrote the HRS Comptroller confirming their mutual conclusion that HRS had no lawful appropriation from which to make the $186 payment on New’s behalf.
On January 18, 1989, the Comptroller issued a final order setting forth findings of fact and conclusions of law. The final order concluded that only the Comptroller had authority to resolve the controversy and ordered New to repay the state the amount of $186. This appeal followed.
The Comptroller had no authority or jurisdiction to issue the “final order” directing New to pay the $186 which all the parties agreed would be paid by HRS in settlement of the § 120.57 proceeding filed by New. The § 120.57 proceedings were properly invoked and were the appropriate forum for the resolution of the dispute. Fla.Admin.Code Rule 3A-22.003(7) states that when an improper payment is made by electronic funds transfer the employing agency shall notify the electronic funds transfer section administrator, Bureau of Accounting, Division of Accounting and Auditing, Office of the Comptroller who then attempts to recover the improper payment. If recovery is not possible, the employing agency which authorized the erroneous payment is required to pursue collection pursuant to Fla.Admin.Code Rule 3A-31.309. Therefore, when the Comptroller could not recover the overpayment electronically it became the responsibility of HRS to pursue collection. Rule 3A-31.309 sets forth the policy and procedure for obtaining a refund of salary overpayments and clearly anticipates that because of the various overpayment scenarios which might occur, each situation should be handled on a case-by-case basis. The rule also obviously contemplates the difficulties inherent in an overpayment which involves federal taxes as subsection (f) of the rule provides:
The exact amount of refund may be a gross amount, net amount, or some combination of employer expense and employee salary. The determination of whether an amount will be gross or net depends upon when the salary over-payments) occurred in relation to the *1206 Bureau’s schedule for reporting federal withholding tax, social security, retirement, and other related information.
Unfortunately for appellant, her erroneous overpayment occurred in December, at the close of the 1987 tax year.
Nothing in the rules specifies that § 120.57 proceedings are available when an overpayment dispute rises to the level of affecting the substantial interests of a party, but case law so provides. In Department of Corrections v. Career Service Commission, 429 So.2d 1244, 1246 (Fla. 1st DCA 1983), this court held that when an administrative error results in a salary overpayment, the proper avenue for the employee to pursue a review of the employer’s actions attempting to collect the overpayment is by way of a § 120.57 proceeding as a substantially affected person.
The Comptroller apparently was aware of this ruling because by letter dated September 2, 1988, it advised the appellant that the $320.12 was still outstanding, and further:
This letter also serves to notify you of your rights to a hearing under Section 120.57 Florida Statutes, if you are not in agreement with the amount determined to be the overpayment. However, you must contact the Department of Health and Rehabilitative Services within fourteen (14) days from the date of this letter to request a hearing.
The letter also provided the name, title, and address of the individual at HRS to contact regarding the § 120.57 hearing. On September 15 New timely petitioned for a hearing and the matter was noticed and set for a DOAH hearing. Not until December did the Comptroller make any assertion that jurisdiction did not properly reside in HRS. On December 8 the Comptroller filed a Motion to Relinquish Jurisdiction arguing that the Comptroller, not HRS, was the proper entity to receive appellant’s petition for a § 120.57 hearing, and further that it would have denied the petition since the Comptroller did not believe any disputed issue of material fact existed. Then on December 16 the Comptroller filed a motion to dismiss for lack of jurisdiction
over the subject matter arguing that its September 2 letter had erroneously advised New to pursue her Chapter 120 remedies with HRS rather than correctly advising her that the Comptroller was the proper agency to petition. In neither motion does the Comptroller suggest that Chapter 120 is inapplicable. On the contrary, the applicability of Chapter 120 and New’s entitlement to request § 120.57 proceedings is reiterated in each of the motions.
Neither of the motions were ruled upon at the December 20 DOAH final hearing. At this hearing the parties acknowledged that they reached agreement regarding how the money would be repaid to the Comptroller. There was no question the Comptroller was entitled to receive $320.12. The issue was how New and HRS would apportion the amount between them in light of the fact that HRS was clearly at fault for the overpayment and New was merely an innocent victim. At the final hearing HRS and New thought they had reached a settlement agreement whereby HRS would pay $186 and New would pay $134.12, the remaining balance of the $320.12 due. The hearing officer entered an order stating that the stipulation on the record obviated the necessity for a formal administrative hearing and closed the DOAH file. The Comptroller agreed to accept the payments so long as “HRS makes it payment from funds lawfully appropriated for such payment.” New tendered her check for the $134.12 and it was accepted by the Comptroller but her stipulation confirming the settlement was not. Subsequently HRS and the Comptroller apparently reached the mutual conclusion that HRS had no lawful appropriation from which to make the $186 payment on New’s behalf. Then, without any authority or jurisdiction, the Comptroller entered the “final order” appealed.
Section 120.57(3) provides:
Unless precluded by law, informal disposition may be made of any proceeding by stipulation, agreed settlement or consent order.
Here the parties unsuccessfully attempted an informal disposition. The hearing offi *1207 cer closed his file but did not dismiss the proceeding. Jurisdiction terminates upon dismissal. RHPC, Inc. v. Department of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987). When parties apparently reach a settlement and the hearing officer closes his file the case returns to the agency for the entry of a final order adopting the stipulation or settlement agreement. NME Hospitals, Inc. v. Department of Health and Rehabilitative Services, 492 So.2d 379 (Fla. 1st DCA 1986). Unless the stipulation contains an agreement to dismiss any pending jurisdiction the jurisdiction is unaffected. Florida Medical Center v. Department of Health and Rehabilitative Services, 484 So.2d 1292 (Fla. 1st DCA 1986). Absent a dismissal which terminates jurisdiction, if informal proceedings which the parties incorrectly expected to satisfactorily terminate the matter fail to do so, then the proper procedure is to resume formal § 120.57 proceedings. United Telephone Co. of Florida v. Mann, 403 So.2d 962 (Fla.1981); Fun and Frolic, Inc. v. Division of Alcoholic Beverages and Tobacco, 457 So.2d 509 (Fla. 4th DCA 1984). Upon resumption of formal proceedings all evidence presented at the informal proceeding becomes a part of the record of the formal proceeding. United Telephone Co. of Florida.
In this case, when the parties were unable to arrive at a written version of their settlement to submit to the hearing officer to be rendered as a final order, the next step would be for formal § 120.57 proceedings to be reinstated since a dispute of material fact continued to exist. No authority exists for allowing the Comptroller, a mere party, to unilaterally seize control of the § 120.57 proceeding, divest the hearing officer of jurisdiction and to issue a final order purporting to compel the opposing party to perform an act which is the very gravamen of the dispute. The Comptroller argues on appeal that it actually should not be a party but should be the agency conducting the hearing. This issue was raised by motion to relinquish jurisdiction and by motion to dismiss filed in the § 120.57 proceeding, and if the Comptroller did not intend to abandon its position it should have presented this issue to the hearing officer for a decision prior to the commencement of the § 120.57 formal proceedings.
The Comptroller still contends, and we assume HRS also contends, that HRS has no funds lawfully appropriated for the purpose of paying HRS’s share of the settlement agreed upon. It is quite obvious that before the salary dispute arose that the legislature did not appropriate funds to HRS to pay any portion of a salary dispute between HRS and New. However, there clearly are funds lawfully appropriated that can be used to pay HRS’s share of the salary dispute settlement. The legislature appropriated funds to pay the salaries of HRS employees, including the salary of New. During the month of December she did not draw any salary and no portion of her salary appropriation for the month of December was used except the $320.12. The balance of New’s December salary, including deductions, was salary funds that were returned to the HRS salary budget. These funds could have been used and any other excess salary funds in the HRS salary budget can be legally used by HRS to pay its agreed settlement.
The order entered by the Comptroller is vacated and this case is remanded to the DO AH to enter an order approving the oral stipulation or agreement of the parties that New would pay $134.12 and that HRS would pay $186.00 to the Comptroller in full and final settlement of the salary dispute pending before it. HRS is directed to pay its agreed settlement contribution of $186 to the Comptroller.
The Comptroller’s motion for an award of attorney’s fees is denied. New’s motion for attorney’s fees and costs are granted. The agency’s action which precipitated this appeal was a gross abuse of the agency’s discretion. The Comptroller who was a mere party to a valid § 120.57 proceeding took charge of the proceedings and without jurisdiction or authority entered a void order adversely affecting the substantive rights of New. It was necessary that she appeal this order in order to protect her rights. On remand, if the Comptroller and *1208 New are unable to agree on a reasonable attorney’s fee and costs, the DOAH is directed to take testimony on this issue and enter a recommended order for this court setting an appropriate amount for a reasonable attorney’s fee and costs.
REVERSED and REMANDED.
SMITH and MINER, JJ., concur.