560 So.2d 1348 (1990)
PALM SPRINGS GENERAL HOSPITAL, INC., Appellant,
v.
HEALTH CARE COST CONTAINMENT BOARD, et al., Appellees.
No. 89-1544.
District Court of Appeal of Florida, Third District.
May 8, 1990.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul Siegel, Miami, for appellant.
Newell & Stahl and Thomas Stahl, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
During a pending dispute before the Division of Administrative Hearings between the appellant hospital and the Health Care Cost Containment Board concerning the method of calculating Medicaid reimbursed payments to the hospital for the year 1987, the parties  with the HCCCB appropriately acting through its executive director and counsel  reached a written agreement settling the controversy. The hearing examiner was notified of the compromise by both parties and accordingly closed the DOAH file and "return[ed the matter] to the referring agency [HCCCB] for final disposition." See New v. Dep't of Banking and Finance, 554 So.2d 1203 (Fla. 1st DCA 1989). Shortly thereafter, however, the Board simply reneged on its agreement and officially informed the appellant by letter that it would not honor the settlement. The hospital has taken this *1349 appeal from that letter-notification, over which we accept jurisdiction as an appropriate proceeding to review "final," and thus appealable  though informal  "agency action," § 120.68(1), Fla. Stat. (1989); First Nat'l Bank v. Lewis, 397 So.2d 416 (Fla. 4th DCA 1981); Harris v. Florida Real Estate Commission, 358 So.2d 1123 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 711 (Fla. 1978), which adversely disposed of the appellant's application, separate from the underlying administrative dispute, to enforce the settlement agreement. See Oceanair of Florida, Inc. v. Beech Acceptance Corp., 545 So.2d 443 (Fla. 1st DCA 1989); Montgomery v. Cribb, 495 So.2d 881 (Fla. 2d DCA 1986); Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859 (Fla. 4th DCA 1986); Weinberg v. Lozman, 364 So.2d 841 (Fla. 3d DCA 1978); Tripp v. Parga, 764 P.2d 367 (Colo. App. 1988).
On the merits, it is entirely clear that all of the prerequisites for the enforcement of the agreement of compromise  which are governed by the same rules as any other contract  were established below as a matter of law and indeed by stipulation of the parties.[1] See Montgomery, 495 So.2d at 881; Dania Jai-Alai, 495 So.2d at 859; Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978). The principles which favor the settlement of existing controversies, see Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla. 3d DCA 1982), and which require adherence to all enforceable contracts have particular application to an administrative proceeding such as this. See § 120.57(3), Fla. Stat. (1989) ("Unless precluded by law, informal disposition may be made of any proceeding by stipulation, agreed settlement, or consent order."); Florida Admin. Code Rule 22I-6.033(2); Health Care & Retirement Corp. v. Department of Health & Rehabilitative Servs., 516 So.2d 292 (Fla. 1st DCA 1987); Manatee County v. Florida Public Employees Relations Comm'n, 387 So.2d 446 (Fla. 1st DCA 1980). Indeed, it is no less than unseemly, perhaps even more than in the case of private litigants, for an agency of our government like the HCCCB even to attempt to renounce an agreement into which it has freely entered. In any event, we will not permit it to do so.
Accordingly, the refusal below to honor the settlement is reversed and the cause *1350 remanded "for the entry of a final order adopting the stipulation or settlement agreement." New v. Dep't of Banking & Finance, 554 So.2d 1203, 1207 (Fla. 1st DCA 1989).
Reversed and remanded.[2]
NOTES
[1] The parties agreed below as follows:

The parties stipulate to the following facts in lieu of the taking of the deposition of David Terry, Esq., acting general counsel of the HCCB:
1. The letters dated April 7, 1989 from David Terry, Esq. to Paul Siegel, Esq. and of April 11, 1989 from Paul Siegel, Esq. to David Terry, Esq. attached hereto as Exhibits `1' and `2,' constituted a written agreement to settle the then pending dispute between Palm Springs General Hospital and the Health Care Cost Containment Board, which was the subject of the request for hearing in the captioned case. The essence of the settlement agreement reached at that time was that the HCCB would use 9,853 patient days for calculating the disproportionate share reimbursement to which Palm Springs General Hospital is entitled under Chapter 88-294, Laws of Florida, for the hospital's 1987 fiscal year.
2. David Terry, Esq. at the time of the settlement was an attorney on the staff of, and a full time employee of, the Hospital Cost Containment Board. Mr. Terry was not at that point in time the Board's acting general counsel.
3. The settlement referred to in paragraph 1 was entered into by Mr. Terry on behalf of the HCCB and was specifically authorized by the executive director of the HCCB, James Bracher.
4. The Hospital Cost Containment Board itself did not consider the issues involved in the settlement described in paragraph 1, supra, but the issues concerning the settlement were decided by the Board's executive director, who was empowered to do so as executive director.
5. Once again, in his capacity as executive director of the HCCB, James Bracher decided that the HCCB would change its policy on the issue and would not perform the settlement agreement described in paragraph 1, supra. As executive director of the HCCB, James Bracher requested that David Terry prepare for his signature the letter dated May 30, 1989 to Tony Milian, Chief Executive Officer of Palm Springs General Hospital, signed by James Bracher, attached hereto as Exhibit `3'.
6. The Hospital Cost Containment Board itself did not make the policy change referred to in Exhibit "3, but that policy change was ordered by James Bracher in his capacity as executive director of the HCCB."
[2] On the ground that the Board's action in attempting to renounce its own agreement constituted a gross abuse of the agency's discretion, see New, we hereby grant the appellant's motion for appellate attorney's fees pursuant to § 120.57(1)(b)(10), Fla. Stat. (1989). Because the "lower tribunal" under Fla.R.App.P. 9.400(b), is the agency itself, we remand the case instead to a duly designated hearing examiner of the DOAH who will sit as a commissioner of this court for the purpose of assessing the appropriate amount of fees.