SCHWARTZ, Chief Judge.
We reverse both of the Public Medical Assistance Trust Fund assessments imposed by the Health Care Cost Containment Board against the appellant for the year 1987. We do so because
(a) there is neither statutory nor any other authority for imposing assessments against the owner of a hospital for revenues earned prior to its acquisition of the property, see § 395.003, Fla.Stat. (1987); and
(b) there is no substantial competent evidence to support the finding that there were any “net operating revenues,” § 395.-101, Fla.Stat. (1987), at all, let alone the amount assessed, realized by the appellant during the only pertinent time; that is between the date it purchased the hospital, December 10, 1987, and the end of the year.
Indeed, it is clear the Board’s determinations were entirely founded upon the wholly unjustified legal fiction that the hospital had continued to realize the profits reported in a previous year, when the known facts of the “actual experience of the hospital,” see § 395.101(2), including the bankruptcy of its owner, were completely to the contrary. See Alan & Alan, Inc. v. Gulfstream Car Wash, Inc., 385 So.2d 121 (Fla. 3d DCA 1980); 23 Fla.Jur.2d Evidence and Witnesses § 83 (1980); 29 Am.Juf.2d Evidence § 165 (1967).
*423 Accordingly, the final order under review is reversed, and the cause is remanded as to the year 1987 solely for the purpose of making an appropriate determination of the appellant’s assessment, if any, for the period of December 10, 1987 to December 31, 1987.
Reversed, remanded with directions. [1]

. As in Palm Springs General Hosp., Inc. v. Health Care Cost Containment Board, 560 So.2d 1348, 1350 n. 2 (Fla. 3d DCA 1990), which involved the same facility, we deem it appropriate to assess appellate attorney's fees against the HCCCB under § 120.57(l)(b)(10), Fla.Stat. (1989). As in that case, we appoint a duly designated hearing examiner of the DOAH to act as a commissioner of this court to determine the amount.