SHIVERS, Judge.
This appeal is from a final order adopting the hearing officer’s recommendation that the Department of Health and Rehabilitative Services be allowed to collect unpaid revenue assessments by withholding Medicaid payments. We reverse and remand for formal proceedings.
Campbellton-Graceville Hospital Corporation (referred to by the parties as ‘Hospital Corporation’) is a nonprofit public corporation and special taxing district created by chapter 61-2290, Laws of Florida. Hospital Corporation owns a hospital facility in fee simple. Health Care Management Corporation (HCMC) leased the facility from *83 Hospital Corporation. The lease became effective on October 27, 1986, and HCMC took possession and began operation on that date. A clause in the lease provides, “Lessee shall pay when due all real and personal property taxes and assessments against the Leased Premises....” On June 1, 1987, HCMC subleased the facility to Provident Medical Corporation. Both HMC and Provident occupied and operated the facility under Medicaid provider numbers different from that of Hospital Corporation. Provident defaulted on the lease, and possession and operation of the facility returned to Hospital Corporation on October 18, 1989.
HRS’s Office of Licensure and Certification reflects changes of licensure of the facility away from Hospital Corporation in October 1986 and back to Hospital Corporation in October 1989. However, the facility was operated under the name of ‘Campbell-ton-Graceville Hospital’ at all times.
On October 25, 1989, the Health Care Cost Containment Board certified to HRS that Campbellton-Graceville Hospital’s annual revenue assessment for the period ending May 31, 1989, was $25,904. Section 395.101(2), Florida Statutes (1989), states
There is hereby imposed upon each hospital an assessment in an amount equal to ... 1.5 percent of such revenue for each hospital fiscal year ... such revenue to be determined by the [Health Care Cost Containment] board, based on the actual experience of the hospital as reported to the board. Within 6 months after the end of each hospital fiscal year, the board shall certify to the department the amount of the assessment for each hospital. The assessment shall be payable to and collected by the department in equal quarterly amounts, on or before the first day of each calendar quarter, beginning with the first full calendar quarter that occurs after the board certifies to the department the amount of the assessment for each hospital. All moneys collected pursuant to this subsection shall be deposited into the Public Medical Assistance Trust Fund (PMATF).
On November 5, 1990, HRS wrote Hospital Corporation, which had not responded to prior notices of assessment. HRS stated that “Campbellton-Graceville Hospital” owed $25,904 for the fiscal year ending in May 1989, and $3,760.60 for the year ending in May 1988. The letter said, “Since there has been no response to our assessment notices, we have no alternative but to withhold from your Medicaid reimbursements until such time as all past due assessments have been recouped.”
Hospital Corporation asserts there is neither statutory nor any other authority for imposing assessments against the owner of a hospital for revenues earned prior to its acquisition of the property. See section 395.003, Florida Statutes (1987). Hospital Corporation cites Golden Glades Regional Medical Center v. Health Care Cost Containment Board, 586 So.2d 422 (Fla. 3d DCA1991).
Subsection (7) of Rule 10N-5.002 FAC defines change of hospital ownership as occurring when there is a “leasing of the hospital when the lessee agrees to undertake and provide services at the hospital to the extent that legal liability for operation of the hospital rests with the lessee.”
On November 20, 1990, Hospital Corporation requested an informal administrative hearing. Hospital Corporation submitted a memorandum in support of its position that it is not responsible for the assessments because it did not possess or operate the hospital between October 1986 and October 1989. The memorandum also states, “To the extent that the respondent disputes any of the following (or raises additional matters which are disputed), the petitioner requests that formal proceedings be commenced to resolve any factual issues.” The memo alleges
All revenues and proceeds [and Medicaid reimbursements] from the operation of the facility between those dates were received by and were the property of HCMC and Provident Medical. The reports upon which the subject assessments have been made were to be prepared and filed by HCMC or Provident Medical, from records in their possession.
*84 Hospital Corporation argued it cannot account for assessments made on the basis of records to which it does not have access. Hospital Corporation further argued that HRS’s withholding of Medicaid reimbursements will result in either the closure of the facility or a levy of additional ad valo-rem taxes in the hospital district. Hospital Corporation’s position was that HRS is without authority to withhold Medicaid reimbursements to collect such assessments, and no rule was promulgated implementing section 395.101.
HRS responded that it is merely performing its statutory obligations to collect certified assessments in a purely ministerial capacity, and Hospital Corporation’s argument should be directed to the Cost Containment Board. HRS’s response states, “Where a statute grants a right or imposes a duty it also confers by implication the power and means necessary to exercise the right [to] carry out the duty.”
The hearing officer agreed with HRS and recommended dismissal of Hospital Corporation’s request for a hearing. The hearing officer found there were no issues of disputed fact. He reasoned that since HRS merely performs a ministerial duty to collect certified assessments, “there is no issue in this case as to whether the previous lessee(s) owe(s) the assessments, instead of Petitioner.” HRS entered a final order adopting the recommendation and affirming collection of the unpaid assessments by withholding Medicaid payments.
We find there are disputed issues of fact, and Hospital Corporation’s alternative request for formal proceedings should have been granted. See section 120.57, Florida Statutes (1989) (the provisions applicable to formal proceedings apply “whenever the proceeding involves a disputed issue of material fact”).
HRS may have more than a ministerial duty to collect assessments certified by the Board. In face of a challenge as to the appropriate payor, there arise material issues of fact. HRS must make a proper determination of the party from whom to collect the assessments. Here a formal proceeding is necessary to define “hospital” for purposes of 395.101(2) assessments, particularly as to a lessor, a lessee, and a sublessee.
A formal hearing is also required to clarify whether HRS has the authority to withhold Medicaid reimbursements as a collection procedure. It is not — as HRS argues — a clear and necessary implication of section 395.101(2) that HRS may use any means at its disposal to collect assessments.
Accordingly, we reverse and remand for a factfinding proceeding pursuant to section 120.68(6), Florida Statutes (1989). The parties may request a formal hearing in accordance with section 120.57(1), and the proceeding shall be open for joinder of necessary parties for the complete resolution of the issues. HRS shall then enter an order in compliance with section 120.59, Florida Statutes (1989). See Garrido v. Department of Health and Rehabilitative Services, 386 So.2d 811 (Fla. 1st DCA1980).
REVERSED and REMANDED.
BOOTH and WEBSTER, JJ., concur.