Mr. William H. Long Administrator Campbellton-Graceville Hospital 5429 College Drive Graceville, Florida 32440-1897
Dear Mr. Long:
On behalf of the governing board of the Campbellton-Graceville Hospital District, you ask substantially the following question:
Does the Campbellton-Graceville Hospital District qualify as a state agency for the purpose of participating in the state health insurance program authorized under section 110.123, Florida Statutes?
In sum:
The Campbellton-Graceville Hospital District is an independent special district created by special act of the Legislature. As such, it is authorized to provide health insurance for its officers and employees and may enter into contracts for such insurance or self-insure. The hospital district, however, does not constitute a state agency for the purpose of participating in the state health insurance program authorized under section 110.123, Florida Statutes.
Section 112.08(2)(a), Florida Statutes, authorizes every local governmental unit to provide life, health accident, hospitalization, legal expense, or annuity insurance for its officers and employees. To that end, it may enter into contracts with insurance companies or professional administrators to provide such insurance. A governmental unit may also self-insure to provide any plan for health, accident, and hospitalization coverage or enter into a risk management consortium to provide such coverage. Section 112.08(1), Florida Statutes, defines "local governmental unit" to mean "any county, municipality, community college district, school board, or special district or any county officer listed in s. 1(d), Art. VIII of the State Constitution." Such a definition would include a hospital district such as the Campbellton-Graceville Hospital District, created by special act of the Legislature. You ask, however, whether the hospital district may participate in the state group insurance program.
Section 110.123, Florida Statutes, is entitled the "State Group Insurance Program Law."[1] Section 110.123(3)(b), Florida Statutes, states:
"It is the intent of the Legislature to offer a comprehensive package of health insurance and retirement benefits and a personnel system for state employees which are provided in a cost-efficient and prudent manner, and to allow state employees the option to choose benefit plans which best suit their individual needs. Therefore, the state group insurance program is established which may include the state group health insurance plan, health maintenance organization plans, group life insurance plans, group accidental death and dismemberment plans, and group disability insurance plans. Furthermore, the [Department of Management Services] is additionally authorized to establish and provide as part of the state group insurance program any other group insurance plans which are consistent with the provisions of this section."
The statute gives officers and employees of agencies of the state the opportunity to receive health insurance and prescription drug coverage through enrollment in a self-insured, preferred provider organization or a health maintenance organization.[2]
An examination of the definitions contained in the statute makes it clear that the provisions of this statute apply to state agencies. For example, section 110.123(2)(i), Florida Statutes, defines "[s]tate group health insurance plan" to mean "the state self-insured health insurance plan offered to state officers and employees, retired state officers and employees, and surviving spouses of deceased state officers and employees pursuant to this section." "Full-time state employees" are defined as all full-time employees of all branches or agencies of state government holding salaried positions and paid by state warrant or from agency funds, and employees paid from regular salary appropriations for 8 months' employment including university personnel on academic contracts, but in no case shall "state employee" or "salaried position" include persons paid from other-personal-services (OPS) funds.[3]
"State agency" is defined as "any branch, department, or agency of state government."[4] In addition, section 110.123(3)(g), Florida Statutes, states that participation in the program shall be available to all state officers and employees, retired state officers and employees who elect at their time of retirement to continue the coverage they had, and a surviving spouse.
The Campbellton-Graceville Hospital District was created as a public hospital district by Chapter 61-2290, Laws of Florida. The special act also created the Campbellton-Graceville Hospital Corporation, a public nonprofit corporation governed by a board of trustees appointed by the Governor.[5] The board is responsible for "erecting, building, equipping, maintaining, and operating" the hospital.[6]
In considering the nature of the hospital district, a court has referred to the hospital district as a special taxing district.[7] In addition, the Department of Community Affairs lists the hospital district as an independent special district in its official list of special districts.[8]
Clearly, the Campbellton-Graceville Hospital District is not a branch or department of state government.[9] Nor does the district appear to qualify as a "state agency."
In Attorney General Opinion 96-89, this office considered whether the provisions of section 112.0455, Florida Statutes, relating to drug-free programs in state agencies applied to a water control district created pursuant to Chapter 298, Florida Statutes. As this office noted, state offices or agencies are component parts of the state whose jurisdiction extends to every part of the state, while districts are defined portions or subdivisions of the state whose powers are limited to their geographic boundaries. Thus, this office concluded that section 112.0455 did not apply to the water control district since the special district was not a "state agency."[10]
Similarly, the Campbellton-Graceville Hospital District was created by special act as an independent special district to perform a specific function within a designated geographic area. As such, the district would not appear to constitute a "state agency" within the contemplation of section 110.123, Florida Statutes.[11]
I would note that the 2001 Legislature enacted section 110.1228, Florida Statutes, which authorizes participation by small counties, small municipalities and district school boards in small counties to participate under certain conditions in the state group health insurance program authorized in section 110.123, Florida Statutes.[12] The statute defines "District school board," "Small municipality," and "Small county," and does not encompass independent special districts.[13]
Accordingly, I am of the opinion that the Campbellton-Graceville Hospital District is an independent special district created by special act of the Legislature and does not constitute a state agency for the purpose of participating in the state health insurance program authorized under section 110.123, Florida Statutes.[14]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 110.123(1), Fla. Stat.
[2] See, s. 110.123(3)(c), Fla. Stat.
[3] Section 110.123(2)(c), Fla. Stat. And see, s. 110.123(2)(f) and (l), Fla. Stat., respectively defining "Part-time state employee" and "State officer."
[4] Section 110.123(2)(h), Fla. Stat.
[5] See, s. 6, Ch. 61-2290, Laws of Florida.
[6] See, s. 2, Ch. 61-2290, Laws of Florida.
[7] See, Campbellton-Graceville Hosp. v. Department of Health andRehabilitative Services, 610 So.2d 82 (Fla. 1st DCA 1992) (Campbellton-Graceville Hospital Corporation is a nonprofit public corporation and special taxing district created by Chapter 61-2290, Laws of Florida).
[8] See, Official List of Special Districts at:www.dca.state.fl.us/fhcd/programs/sdip/OffLst/OffLst.htm. And see, s.189.4035, Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.
[9] See, Art. II, s. 3, Fla. Const., stating that the powers of state government shall be divided into legislative, executive and judicial branches; Art. IV, s. 6, Fla. Const., stating that all functions of the executive branch of state government shall be allotted among not more than 25 departments; and Ch. 20, Fla. Stat.
[10] See generally, Op. Att'y Gen. Fla. 84-21 (1984) and 77-140 (1977); and see, 81A C.J.S. States s. 80 ("State officers" in the more restricted sense of that term have been distinguished from those of a county, district, or town, the usual ground of distinction being that the powers and duties of the state officer are coextensive with the state and those of the other officer coextensive only with the political subdivision he serves).
[11] You state that you have been advised that the hospital district constitutes a state agency or subdivision for purposes of section 768.28, Florida Statutes. The definition of "state agency or subdivision" in section 768.28 is broader than the language in section 110.123, which is limited to the branches of state government and state agencies. See, s.768.28(2), Fla. Stat., defining "state agencies or subdivisions" to "include the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority." Compare, s. 110.123(2)(h), Fla. Stat., defining "State agency" or "agency" as "any branch, department, or agency of state government."
[12] See, Ch. 01-285, Laws of Fla. Section 3 of Ch. 01-285 provides that "[t]his act shall take effect upon becoming law and shall apply to eligible local government plan participants effective with the January 1, 2003, plan year."
[13] See, s. 110.1228(1), Fla. Stat.
[14] See, s. 112.08, Fla. Stat., authorizing local governmental units (defined as any county, municipality, community college district, school board, or special district) to provide group insurance for public officers, employees, and certain volunteers.