PER CURIAM.
In February 2006, John McCall (“the employee”), who had been charged in August 2005 with having committed the crimes of sodomy in the first degree and sexual abuse in the first degree, was dismissed from his employment with the Alabama Department of Corrections (“DOC”), a state agency. After the employee had sought review by the Alabama State Personnel Board (“the Board”) of his dismissal, he agreed to enter a plea of guilty to a lesser charge of harassing communications with the understanding that all criminal charges would be dropped upon his having undergone sex-offender evaluation and treatment, a condition that was subsequently satisfied. Before the date scheduled by the Board’s administrative law judge (“ALJ”) for a hearing on the propriety of the dismissal, counsel for DOC notified the ALJ that DOC’s commissioner had decided to “reinstate” the employee and that DOC’s counsel would be calling upon counsel for the employee to prepare and submit a stipulation of dismissal of the administrative-review proceedings. The employee resumed working for DOC in mid-August 2006, approximately six months after his dismissal.
On October 17, 2006, the Board’s ALJ issued an order acknowledging that the matter had apparently been “resolved” by the parties, but directing that “[t]he parties should file the proper documentation to indicate that [the] matter has been resolved no later than October 25, 2006.” October 25, counsel for DOC filed a response to the ALJ’s order stating that DOC’s commissioner had requested that the Board “authorize payment of back pay to” the employee. The issue of the employee’s entitlement to backpay was initially considered by the Board at its November 2006 meeting, but was it remanded to the ALJ for her consideration because, the Board believed, the evidence before the Board was insufficient for it to decide the matter.
The ALJ then called for the parties to submit “stipulations” regarding the facts *991 tending to show the existence of an agreement that the employee should receive backpay. In response to the ALJ’s direction, DOC filed a “Stipulation of Back Pay” in which it summarized, among other things, the pay that would have accrued to the employee during the period of his dismissal but also stated that it was “unaware of any offsetting wages received by [the employee] and would respectfully request a signed statement from [the employee] concerning any offsetting wages received” (emphasis added). DOC subsequently filed with the Board a “Stipulation of the Facts” in which it stated that it had “attempted but [had] been unable to reach an agreement with counsel for the employee so as to file a joint stipulation of facts” and added that it was “still unable to determine if [the employee] had any wages that would off-set the back pay.” In response, counsel for the employee filed his own “Stipulation of Facts” in which he noted that in light of the employee’s having been hired from a “re-employment list,” one of the issues left for decision by the Board was “the matter of back-pay”; the employee posited that his dismissal had been wrongful and that, therefore, any backpay awarded to him should not be offset by any earnings he might have had during the period of his dismissal. DOC responded, averring that, although it would not agree that the employee had been wrongfully dismissed, it agreed to pay the employee backpay “as offset by the wages earned during [the employee’s] displacement from [his] employment” with DOC.
In April 2007, the ALJ entered a proposed order stating findings of fact and conclusions of law regarding the issue of backpay. The ALJ noted that, although the employee would have earned $20,466.05 had he remained employed by DOC between February and August 2006, he had earned $18,624.01 in other employment during that period; the ALJ further noted that DOC had agreed to an award of the difference between those amounts, or $1,842.04. Based upon all the facts of the case, the ALJ recommended that the Board make no award of backpay whatsoever. Counsel for the employee then filed a statement of his exceptions to the ALJ’s recommendations in which he again noted that the matter of backpay remained before the Board and in which he again insisted that any award of backpay not be offset by the employee’s other earnings. After considering the ALJ’s proposals and the parties’ arguments, the Board entered an order granting an award of backpay, albeit offset by the employee’s earnings.
The employee, through counsel, filed a petition for judicial review of the Board’s order in the Montgomery Circuit Court, and the administrative record was then transmitted to that court. After holding a hearing and receiving briefs from both the employee and the Board, the circuit court entered a judgment affirming the Board’s order; that court subsequently denied a motion to alter, amend, or vacate that judgment. The employee filed a notice of appeal in order to obtain review of the circuit court’s judgment of affirmance.
The sole issue raised by the employee on appeal is whether DOC’s decision to rehire him divested the Board of jurisdiction to rule on matters such as his entitlement to backpay. In order to properly resolve that issue, we must consider the basis of the Board’s jurisdiction.
Under Ala.Code 1975, § 36-26-27(a), an “appointing authority” such as DOC is empowered to dismiss an employee from employment in the classified service of the state whenever it is determined by the appointing authority that “the good of the service will be served thereby.” The decision of an appointing authority, however, is subject to the dismissed employee’s right to seek administrative review of that decision by filing a “written answer” to the *992 appointing authority’s charges with the authority and the Board within 10 days after notice. See id. Once that review process is set in motion, the Board is empowered to determine whether the charges stated by the appointing authority are or are not “warranted.” The statute provides that “if the charges are proved unwarranted,” the Board may “order the reinstatement of the employee under such conditions as the [B]oard may determine.” Id. (emphasis added). On the other hand, if the charges are not found unwarranted, the Board, pursuant to a 1983 amendment to the statute, “may impose a punishment other than termination,” such as “reinstatement with forfeiture of back wages and benefits between the date of termination and the date of the [B]oard’s order reinstating the employee” or “a suspension up to and including 30 days.” Id.; see generally Alabama State Pers. Bd. v. Hardeman, 893 So.2d 1173, 1178-79 (Ala.Civ.App.2004) (discussing the effect of the 1983 amendment).
In this case, just before the Board’s ALJ was to consider whether, among other things, the disciplinary sanction imposed upon the employee by DOC should be sustained, DOC notified the ALJ that its commissioner had decided that the employee was entitled to be reinstated. Alabama’s Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975, specifically recognizes the general propriety of “informal dispositions ... of any contested case by stipulation [or] agreed settlement.” Ala.Code 1975, § 41-22-12(f). However, the parties did not file with the ALJ or the Board a joint stipulation or motion seeking the dismissal of, or the entry of an agreed order in, the review proceedings. Rather, to the extent that DOC and the employee remained at odds concerning the extent of back wages payable to the employee (which is evidenced by the contrasting stipulation documents each party filed in response to the ALJ’s call for the filing of stipulations after the Board had remanded the matter to her), the matter remained within the jurisdiction of the Board for a final disposition of the rights and obligations of the parties until the Board entered its order determining that the employee was entitled to backpay as offset by his outside earnings.
Our conclusion draws support from the holding of a Florida appellate court in New v. Department of Banking & Finance, 554 So.2d 1203 (Fla.Dist.Ct.App.1989). In New, an employee of a state agency who had taken an authorized unpaid leave of absence was erroneously paid her biweekly net wage, and federal income taxes were withheld from that erroneous payment. The state comptroller subsequently undertook proceedings to collect the tax payment directly from the state employee, which prompted the employee to seek administrative review of the comptroller’s decision. On the date of the scheduled administrative hearing, the state agency’s representative announced that an agreement had been reached under which it would pay part of the amount at issue and the state employee would pay the remainder; the hearing officer then concluded that a formal hearing was not necessary and “closed [the] file” on the matter. 554 So.2d at 1205. However, after the comptroller and the employee had each refused to execute proposed written stipulations, the comptroller purported to enter an order finally adjudicating the dispute. The Florida appellate court, after noting the availability of informal disposition by agreed settlement under that state’s administrative statutes, which are similar to Alabama’s administrative statutes, concluded that the comptroller had lacked the authority to enter the order at issue and determined that the matter remained to be decided in formal administrative proceedings:
“Here the parties unsuccessfully attempted an informal disposition. The *993 hearing officer closed his file but did not dismiss the proceeding. Jurisdiction terminates upon dismissal. When parties apparently reach a settlement and the hearing officer closes his file the case returns to the agency for the entry of a final order adopting the stipulation or settlement agreement. Unless the stipulation contains an agreement to dismiss any pending jurisdiction the jurisdiction is unaffected. Absent a dismissal which terminates jurisdiction, if informal proceedings which the parties incorrectly expected to satisfactorily terminate the matter fail to do so, then the proper procedure is to resume formal ... proceedings.”
New, 554 So.2d at 1206-07 (emphasis added; citations omitted).
The employee, in his brief on appeal, maintains that DOC “accomplished its objective” of “returning him to work by re-employing him from a re-employment register maintained by the State Personnel Department” (emphasis added); in contrast, he says that the Board took no action to return him to work. We disagree. Although DOC presumably has the authority prospectively to rehire any former classified employee, even one previously dismissed from service, our review of the text of Ala.Code 1975, § 36-26-27(a), indicates that only the Board has the power to reinstate a classified employee’s employment once an appointing authority has decided to dismiss that employee. In this case, the employee has doggedly sought relief consistent with a reinstatement of his former employment, ie., backpay and restoration of retirement and insurance benefits.
DOC’s concession to the Board that reinstatement would be appropriate amounts to a de facto admission to the Board that DOC’s original charges against the employee did not warrant his dismissal; at the very least, it reflects an intent on the part of DOC not to undertake its burden to prove those charges. See generally Goolsby v. Green, 431 So.2d 955, 959 (Ala.1983) (“under the Board’s rules and regulations, the burden is on the appointing authority to prove the charges representing the basis for dismissal”). However, § 36-26-27(a) nonetheless affords the Board discretion to impose conditions upon a reinstatement, including conditions regarding backpay. See Alabama Dep’t of Mental Health & Mental Retardation v. Alabama State Pers. Dep’t, 863 So.2d 1118, 1118 (Ala.Civ.App.2003) (affirming circuit court’s decision that had upheld Board’s decision under which particular employee was ordered “reinstated with full back pay and benefits”; employing agency could not properly seek setoff in judicial-review proceedings). The issue of any award of backpay to the employee as a component of the reinstatement of his former employment by DOC was, therefore, properly before the Board.
The employee similarly contends that DOC’s concession rendered the administrative proceeding moot so as to divest the Board of adjudicatory power. The employee correctly notes that, in a judicial setting, a case is deemed moot when “there is no real controversy” between the parties. American Fed'n of State, County, & Mun. Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 831 (1958). The employee seeks to analogize the Board’s jurisdiction to that of a court and to have this court hold that the Board was divested of all jurisdiction upon DOC’s notification that its commissioner had unilaterally decided to reinstate the employee to his employment.
Even if we assume, as the employee would have us assume, that principles of mootness constrain administrative agencies in the precise manner that they con *994 strain judicial bodies,[1] we note that a dismissed employee’s return to work does not, in and of itself, render moot review proceedings concerning that employee’s dismissal. See Adams v. Warden, 422 So.2d 787, 790-91 (Ala.Civ.App.1982) (reaching merits of appeal from trial court’s judgment that had upheld dismissal of classified municipal employees despite those employees’ subsequent retiren to their former work, noting that “our determination of the issue before us would necessarily affect the parties’ collateral rights”); see also Harris v. Department of the Air Force, 96 M.S.P.R. 193, 195-96 (M.S.P.B.2004) (jurisdiction of federal Merit Systems Protection Board is not divested by “an agency’s unilateral modification of its adverse action after an appeal has been filed” unless employee is returned to the status quo ante, i.e., “returned], with back pay, to a position of the same grade, pay, status, and tenure” (emphasis added)). That principle is especially true when, as here, the authority to effect reinstatement of a dismissed classified employee and to specify the conditions of that reinstatement is vested by statute in the Board alone — it was for the Board, not DOC or the employee, to determine whether the employee would be entitled to an award of backpay as an incident of his reinstatement.[2]
The dissent contends that an agency’s unilateral decision to rehire a previously dismissed employee ipso facto renders moot all issues concerning the dismissal, citing Save Our Streams, Inc. v. Pegues, 541 So.2d 546, 548 (Ala.Civ.App.1988). We believe that Save Our Streams is distinguishable. The plaintiff in Save Our Streams sought a judgment declaring a 1985 wastewater permit void as having been unlawfully issued by a state agency; when the agency itself revoked the challenged permit, the plaintiff received, in effect, the same relief that would have been awarded had the plaintiff prevailed in court, and the issue was properly deemed moot. See 541 So.2d at 547-48. That situation is not present in this case; as we have noted, even though DOC has conceded that the employee should prospectively resume his duties, collateral rights of the parties (i.e., the amount of backpay to which the employee was entitled) remained to be determined such that the Board still had a function to fulfill.
We conclude that the circuit court correctly affirmed the Board’s order. The judgment of the circuit court is itself due to be affirmed.
AFFIRMED.
THOMPSON, P. J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.

. But see Climax Molybdenum Co. v. Secretary of Labor, 703 F.2d 447, 451 (10th Cir.1983) (a federal administrative agency is not bound by the federal constitutional requirement of a 'case or controversy' that limits the authority of federal courts to rule on moot issues; rather, such an agency "possesses substantial discretion in determining whether the resolution of an issue before it is precluded by mootness”).

. In determining that the Board could properly determine the conditions of the employee's reinstatement in this case, we need not today consider the correctness of the view, espoused in an opinion of the attorney general, that "the authority to award back pay to an employee rests exclusively and solely with the ... Board” except as to employees exempt from merit-system provisions. Op. Att’y Gen. No. 2001-083 (Jan. 24, 2001) (emphasis added).