BRYAN, Judge,
dissenting.
I respectfully dissent. Section 36-26-27(a), Ala.Code 1975, permits a classified employee to appeal his or her dismissal to the Alabama State Personnel Board (“the Board”). The Board may either uphold an employee’s dismissal or reinstate an em *995 ployee “under such conditions as the board may determine,” including various degrees of punishment. § 36-26-27(a). If the appointing authority rehires an employee, as in this case, while the appeal to the Board is pending, the issue of that employee’s dismissal is rendered moot. “An action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events.” Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala.2006). See, e.g., Save Our Streams, Inc. v. Pegues, 541 So.2d 546, 548 (Ala.Civ.App.1988) (stating that the issue whether an administrative agency failed to comply with notice provisions in issuing a permit was rendered moot when the agency later revoked that permit). I believe that, when the employee was rehired, the Board lost jurisdiction to decide the employee’s appeal of his dismissal. Therefore, I do not believe that the Board had jurisdiction to decide the issue of the employee’s backpay. Accordingly, I would reverse the trial court’s judgment affirming the Board’s order and remand the case.